**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.;** <br> **JLL VENTURES, INC.; and** <br> **M-M WHS LLC** <br><br><br> *Plaintiffs,* <br><br> v.- <br><br><br> **JOSHUA MOORE; CORY RODRIGUEZ NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC;** <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. <br><br> Judge: |

**[DRAFT] TEMPORARY RESTRAINING ORDER**

It is hereby ORDERED AND ADJUDGED as follows:

1. The Application, ECF No. 2, is GRANTED.

2. Defendants, and each of their officers, agents, servants, employees, and attorneys—and all other persons who are in active concert or participation with these persons or

entities—are temporarily restrained and enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien, security interest, or other interest in, or otherwise disposing of, any funds, wherever located, that are (a) owned, controlled, held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant; (b) in the actual or constructive possession of any Defendant; or (c) in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant (collectively, the "Frozen Funds"). Notwithstanding the temporary restraint and injunction provided for by this paragraph, only Defendant Moore and Defendant Rodriguez each may access, transfer, withdraw, or spend any of the Frozen Funds in a total amount not to exceed US$_____ per month, which total amounts are for the sole purpose of providing for reasonable living expenses for Moore and Rodriguez, respectively. Nothing in this temporary restraining order forbids any of the Defendants from seeking relief from or modification of this temporary restraining order.

3.     Within three business days from the date of this Order, Defendants shall (a) provide an detailed inventory of all physical assets by type, model number, location, and operational status, including but not limited to all cryptocurrency mining equipment, owned by any Defendant or Defendant affiliate, and  (b) arrange for Plaintiffs' representatives to inspect all facilities at which such equipment is located at a mutually

agreed time within ten days from the date of this Order, providing notice to all relevant facilities not owned or controlled by Defendants to ensure Plaintiffs' access. A representative for Defendants shall attend all such inspections and shall assist Plaintiffs in good faith to identify all relevant assets.

4. Within three business days from the date of this Order, Defendants shall fully identify cryptocurrency wallet addresses for any cryptocurrency wallets currently or formerly held by any Defendant or Defendant affiliate, including but not limited to any cryptocurrency wallets in which Defendants have at any time stored cryptocurrency keys for cryptocurrency mined by Defendants through use of their own miners or the mining rights they have acquired through sale-leaseback or other investment transactions involving third parties.

5. Within five business days from the date of this Order, Defendants will provide Plaintiffs with true and correct copies of all bank and financial institution statements for each Defendant for the past 36 months.

6. Copies of this temporary restraining order may be served by any means authorized by law.

7. In accordance with Federal Rule of Civil Procedure 65(b), the Defendants must appear before this Court, Courtroom ___ **[Address]**, on October___, 2024, at **[TIME]**, to show cause why the Court should not enter a preliminary injunction pending trial on the merits, enjoining the Defendants from transferring or dissipating any of the Frozen Funds.

8.      The parties may conduct expedited discovery in preparation for the hearing ordered above.  The subject matter of that discovery shall be limited to topics relevant to the subject matter of the preliminary injunction hearing.  Each side may submit to the other no more than five (5) written interrogatories and request no more than two (2) oral depositions of no more than two hours apiece from party witnesses (this number does not include the deposition(s) of any accountant(s) Defendants identify in response to Paragraph 9 below).

9.      At any time after the entry of this temporary restraining order, Plaintiffs, in accordance with the Federal Rules of Civil Procedure, may (a) serve subpoenas on any bank or other financial institution of which Plaintiffs are or become aware at which any Defendant has a bank account and (b) depose any accountant employed or retained by any Defendant, which accountants Defendants shall identify in writing to Plaintiffs within three business days from the date of this Order. The scope of this discovery is limited to identifying the location of any money that is derived from, was made in connection with, or arose out of Defendants' alleged misconduct.

10.     This temporary restraining order expires on October__, 2014, unless before that time the Court, for good cause shown, extends this temporary restraining order or unless, as to any of the Defendants, the Defendants consents to a longer extension. It is so ORDERED.

SIGNED on this ____ day of October, 2024.

_____
United States District Judge