# EXHIBIT A

| | |
|---|---|
| **From:** | Ram, Ashwin |
| **To:** | Stabile, Daniel Tramel; Pace, Chris; Kern, Benjamin; Gerry Miller |
| **Cc:** | Isaak, David; Stancil, Paul; john@durrantlawfirm.com; Stewart, Shontel |
| **Subject:** | RE: NFN8 |
| **Date:** | Thursday, October 17, 2024 12:15:28 AM |
| **Attachments:** | List of Discovery Documents.pdf |
| | image001.png |

Gerry, Daniel, and Chris:

As you know, the Court has set an additional status conference for Monday, October 21. Given the Court's comments during last week's conference, we expect the Monday conference to focus on the discovery the parties need to address Plaintiffs' application for preliminary injunction at an expedited hearing. In addition, given the communications between NFN8 and Plaintiffs both in the weeks leading up to the filing of the lawsuit and during last Friday's compressed Court-ordered negotiation sessions, we understand that NFN8's position is that it expects Plaintiffs to be paid what they are owed without significant additional delay. To that end, Plaintiffs require that they either receive actual payment now in part or full, and/or sufficiently reliable and provable assurances of your clients' financial position to ensure payment and a quick resolution. The attached informal discovery requests serve both goals.

If Defendants do not provide the requested information voluntarily, we expect the Court to order this discovery—all of which is narrowly targeted to the subject matter of Plaintiffs' preliminary injunction request—at the conference next Monday. However, we hope Defendants will provide the information this week without the Court having to order it, because timely disclosure of the requested information will also help facilitate a speedy resolution of Plaintiffs' claims.

We appreciate your team expediting production of the attached informally requested discovery on a rolling basis. We will be available to discuss any open issues or questions on these requests this Friday.

Best,
Ashwin

**Ashwin J. Ram**
Partner



Steptoe LLP | 633 West Fifth Street Suite 1900 | Los Angeles, CA 90071
+1 213 439 9443 direct | +1 213 369 5934 mobile | aram@steptoe.com | www.steptoe.com  | Steptoe Bio
Steptoe LLP | One Market Plaza, Steuart Tower Suite 1070 | San Francisco, CA 94105
+1 415 365 6700 direct

---

**From:** Stabile, Daniel Tramel <DStabile@winston.com>
**Sent:** Wednesday, October 9, 2024 2:46 PM
**To:** Ram, Ashwin <aram@steptoe.com>
**Cc:** Pace, Chris <CRJPace@winston.com>; Kern, Benjamin <bkern@winston.com>; Gerry Miller <gmiller@gmmillerlaw.com>
**Subject:** [EXTERNAL] NFN8

Ashwin –

Winston has just been engaged to represent NFN8 and certain related parties and individuals in connection with their dispute with your clients.

My sense is that it's in all the parties' interest to try to resolve this dispute pre-litigation. I noticed that your demand letter threatens litigation on October 10, but I think we should discuss first. I am based in Miami and currently preparing for hurricane.

Can we set up something for Friday, at which time the worst of the storm will likely have passed?

Best regards,
Daniel

**Daniel Tramel Stabile**
**Partner**

Winston & Strawn LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, FL 33131

D: +1 305-910-0787

M: +1 703-599-6962

Bio | VCard | Email | winston.com

*Admitted to practice in Florida, New York*



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**Informal Discovery Requests to Defendants**

In general terms, Plaintiffs ask that Defendants provide them with two broad categories of information—information regarding Defendants' core business model and operational history, and information regarding Defendants' financial performance and current financial condition. Provision of the critical information in both categories is vital to any serious attempt to resolve Plaintiffs' claims.

Plaintiffs' business model and operational history requests are further subdivided into requests about (1) Defendants' mining activities; (2) the mining facilities they have used, are using, or plan to use in the future; (3) Defendants' cryptocurrency trading activities; and (4) Defendants' sale of Sale-Leaseback Securities and the financial obligations arising therefrom.

Plaintiffs' financial performance and financial condition requests are typical for a case of this type, focusing on Defendants' assets, liabilities, cash flow, organizational and ownership structure, and recurring expenses.

Plaintiffs are requesting relatively detailed information from Defendants; however, we note that: (1) the level of detail requested is necessary for Plaintiffs to obtain an accurate picture of NFN8's business and financial status in light of its repeated defaults and inconsistent explanations over time; (2) NFN8 should already maintain the overwhelming majority of the information requested in the ordinary course such that it should not be overly burdensome to assemble the requested material—much of which can be provided in spreadsheet form; and (3) until an appropriate protective order is entered in this case, Plaintiffs' will treat all information produced as "Classified" under standard form Confidentiality and Protective Order promulgated by the Austin Division of the Western District of Texas, and will disclose such information to their clients only as needed in connection with the provision of legal advice.

**I.   Business Model and Operational History**

    **A.**   Mining Activities

        1.   For the past four years, identify all branded ASIC mining machines NFN8 has owned or controlled. For purposes of this request, "identify" includes, at minimum, the following information:
           a)   Brand and Model Number
           b)   Serial Number
           c)   Whether purchased new or used (If all were purchased new, a categorical representation to that effect is fine)
           d)   Algorithm (*e.g.*, SHA-256, etc.)
           e)   Purchase and Delivery Dates
           f)   NFN8-related Purchasing Entity
           g)   Seller
           h)   NFN8's Purchase Price
           i)   Unit Status

    (1) Sale-Leaseback
    (2) Purchased for NFN8's own account
    (3) Other (describe)
 j) If not still owned/controlled by NFN8, disposition of the asset including date, sale price, and other relevant transaction data
 k) If still owned/controlled by NFN8, current status (operational and operating, operational but not operating, non-operational)
 l) Any customizations to firmware (does not include manufacturer firmware updates)

2. For any GPU, FPGA, or customized mining machine(s), provide the information requested in (1) above and also identify:
 a) To the extent not implicit in initial identification, identify whether the machine in question is a GPU, FGPA, or other customized mining machine;
 b) The cryptocurrency or cryptocurrencies it could mine
 c) Effective terahash rate
 d) Rated operational power consumption

3. Current and any past monitoring software used to monitor miners

4. For the past four years, identify all hosting facilities or locations associated with any cryptocurrency mining machine owned, operated, used, and/or planned by NFN8. For purposes of this interrogatory, "identify" includes, at minimum, the following information for each facility or location:
 a) Physical address
 b) Type of hosting arrangement (NFN8-owned, NFN8-controlled, colocation, etc.)
 c) NFN8 operational date
 d) If NFN8-owned or NFN8-controlled, maximum capacity, electricity vendor and electricity prices
 e) If collocated or shared, name of host entity and hosting charge arrangements ($ per kW/h or however denominated in relevant contract, including any contractual volume or duration adjustments)
 f) Number of operational NFN8-controlled machines hosted over time by quarter
 g) Current status (NFN8 actively using or not)
 h) If not actively in use by NFN8, stop date and reason for stoppage.
 i) If currently under construction, identify:
    (1) Ownership structure (NFN8 solo project, joint venture, etc., with percentages)
    (2) Total expected NFN8 investment broken down by major category
    (3) Whether the facility is currently hosting operational units and how many operational units are currently being hosted

        (4)       Firm or expected electricity costs per kWh (including name of provider, basic commercial terms of any contract or preliminary agreement)
        (5)       Expected completion date

B.    Trading Activities

1.    For the past four years, produce all cryptocurrency wallets (whether hardware, virtual/hot, or paper).

2.    To the extent not provided through your production in response to I.B.1 above, for the past four years, identify in detail your cryptocurrency mining and trading operations. For purposes of this interrogatory, "identify" includes, at minimum:

    a)    The relevant cryptocurrency or cryptocurrencies mined (*e.g.,* BTC, ETH, Tether USDt, BNB, Solana, Dogecoin, etc.)
    b)    Whether NFN8 mined those cryptocurrencies alone, as part of mining pools, or both.
    c)    If NFN8 participates or participated in mining pools, identify both:
        (1)    all relevant pools; and
        (2)    NFN8's mining proceeds for each pool in which it has participated)
    d)    The quantity of each cryptocurrency NFN8 has mined alone, including the date(s) and amount(s) of any award(s) from the relevant cryptocurrency promoter.
    e)    To the extent not captured fully by c) and d) above, the total amount of each cryptocurrency NFN8 has received from mining activities, listed by currency.
    f)    All cryptocurrency exchanges or trading platforms on which NFN8 has or had a trading account (*e.g.,* Kraken, Pionex, Binance, Coinbase Exchange, etc.).
    g)    A full record of NFN8's trading activities, including a list of all transactions (including platform, currency, quantity, date, and trade price) and all transaction fees paid, however denominated.

C.    Sale-Leaseback Activities

1.    Identify the key commercial terms of each Sale-Leaseback or functionally similar security NFN8 has sold, including:

    a)    The number of miners NFN8 agreed to purchase on the investor's behalf and the purchase price investors were to pay for each unit;
    b)    The number and type of miners NFN8 actually purchased on the investor's behalf
    c)    The annualized rate of return in the relevant lease agreement;
    d)    The term of the lease agreement (including start and end date);

   e) Other than annualized rate of return, whether the terms of either the relevant Purchase Agreement or Lease Agreement differed materially from those under which Plaintiffs purchased the Sale-Leaseback securities
   f) For expired leases only, the ultimate disposition of the mining units (repurchased by NFN8 or returned to investor)
   g)
  2. For the past four years, identify any and all sale-leaseback investors who are currently or who have ever been clients of New Standard IRA, LLC.

D. Identify all miners sold by BlockOverstock.com, including make/model, serial number, date of sale, and sales price **[If Defendants have sold all miners listed as sold in response to A. above through BlockOverstock.com *and* if BlockOverstock.com has sold no miners during the relevant time period *other* than those listed in response to A. above, Defendants can fully respond to this request by so noting.]**

II. **Financial Performance and Current Financial Condition**

 A. Financial statements—indicating whether audited or unaudited—for all NFN8 entities, Rodriguez & Moore for the past four years, including:
  1. P&Ls
  2. Balance Sheets
  3. Statements of Cash Flows

 B. For the business entity defendants and NFN8 or NFN8-related entities not currently made Defendants in this matter, a list of all shareholders and the percentage ownership of each shareholder.

 C. For the individual Defendants, a list of all non-NFN8 business entities in which they have an ownership interest of any type (including the general nature of the business, the percentage of the individual Defendant's ownership interest and the identity of any co-owners).

 D. For the past four years, bank statements for all accounts for each of:

  1. The business entity Defendants;
  2. Any other NFN8 or NFN8-related entities not currently made Defendants in this matter; and
  3. Defendants Moore and Rodriguez

 E. Documentation for all indebtedness of any of the entities or individuals identified in response to II.D above.

 F. A list of all real property owned by any of the entities or individuals identified in response to II.D. above, including the following information:
  1. Description
  2. Purchase price

   3. Value and basis for said value (tax value/appraisal, etc.?)
   4. Any mortgage, liens, or other encumbrances on the property (including outstanding amounts owed where applicable).

G. Information sufficient to determine the enterprise's recurring expenses including but not limited to:
   1. Salaries, average commissions, fees, etc. paid to non-Defendant employees, independent contractors or others.
   2. Rent/lease payments for non-mining facilities (office space, warehousing, etc.)
   3. Other overhead by category.

H. A list of all distributions made to Moore and Rodriguez by any of the NFN8 entities in the last four years (including without limitation salaries, shareholder distributions, and loans to shareholders).

I. A list fully identifying all accountants or bookkeepers (whether certified public accountants or otherwise) employed or retained by any entity or individual identified in response to II.D. above for the past four years including:
   1. Contact information
   2. Nature of engagement (employee, in-house independent contractor, retained outside accountant, etc.)
   3. Responsibilities/nature of duties
   4. Dates of employment/retention

| | |
|---|---|
| **From:** | Isaak, David |
| **To:** | Ram, Ashwin; Stabile, Daniel Tramel; Pace, Chris; Kern, Benjamin; Gerry Miller |
| **Cc:** | Stancil, Paul; john@durrantlawfirm.com; Stewart, Shontel |
| **Subject:** | RE: NFN8 |
| **Date:** | Thursday, October 17, 2024 8:09:35 AM |
| **Attachments:** | Informal Discovery Spreadsheet.xlsx<br>image002.png<br>image007.png |

Gentlemen,

The attached spreadsheet provides a template for capturing much of the requested information.  Please let me know if you have any questions.

Thanks,

David


**David Isaak**
**Partner**



Steptoe LLP | 717 Texas Avenue Suite 2800 | Houston, TX 77002
+1 713 221 2352 direct | +1 713 858 9851 mobile | disaak@steptoe.com | www.steptoe.com  | Steptoe Bio

---

**From:** Ram, Ashwin <aram@steptoe.com>
**Sent:** Thursday, October 17, 2024 12:15 AM
**To:** Stabile, Daniel Tramel <DStabile@winston.com>; Pace, Chris <CRJPace@winston.com>; Kern, Benjamin <bkern@winston.com>; Gerry Miller <gmiller@gmmillerlaw.com>
**Cc:** Isaak, David <disaak@steptoe.com>; Stancil, Paul <pstancil@steptoe.com>; john@durrantlawfirm.com; Stewart, Shontel <sstewart@steptoe.com>
**Subject:** RE: NFN8

Gerry, Daniel, and Chris:

As you know, the Court has set an additional status conference for Monday, October 21.  Given the Court's comments during last week's conference, we expect the Monday conference to focus on the discovery the parties need to address Plaintiffs' application for preliminary injunction at an expedited hearing.   In addition, given the communications between NFN8 and Plaintiffs both in the weeks leading up to the filing of the lawsuit and during last Friday's compressed Court-ordered negotiation sessions, we understand that NFN8's position is that it expects Plaintiffs to be paid what they are owed without significant additional delay.  To that

end, Plaintiffs require that they either receive actual payment now in part or full, and/or sufficiently reliable and provable assurances of your clients' financial position to ensure payment and a quick resolution. The attached informal discovery requests serve both goals.

If Defendants do not provide the requested information voluntarily, we expect the Court to order this discovery—all of which is narrowly targeted to the subject matter of Plaintiffs' preliminary injunction request—at the conference next Monday. However, we hope Defendants will provide the information this week without the Court having to order it, because timely disclosure of the requested information will also help facilitate a speedy resolution of Plaintiffs' claims.

We appreciate your team expediting production of the attached informally requested discovery on a rolling basis. We will be available to discuss any open issues or questions on these requests this Friday.

Best,
Ashwin

**Ashwin J. Ram**
Partner

Steptoe LLP | 633 West Fifth Street Suite 1900 | Los Angeles, CA 90071
+1 213 439 9443 direct | +1 213 369 5934 mobile | aram@steptoe.com | www.steptoe.com | Steptoe Bio
Steptoe LLP | One Market Plaza, Steuart Tower Suite 1070 | San Francisco, CA 94105
+1 415 365 6700 direct

---

**From:** Stabile, Daniel Tramel <DStabile@winston.com>
**Sent:** Wednesday, October 9, 2024 2:46 PM
**To:** Ram, Ashwin <aram@steptoe.com>
**Cc:** Pace, Chris <CRJPace@winston.com>; Kern, Benjamin <bkern@winston.com>; Gerry Miller <gmiller@gmmillerlaw.com>
**Subject:** [EXTERNAL] NFN8

Ashwin –

Winston has just been engaged to represent NFN8 and certain related parties and individuals in connection with their dispute with your clients.

My sense is that it's in all the parties' interest to try to resolve this dispute pre-litigation. I noticed that your demand letter threatens litigation on October 10, but I think we should discuss first. I am based in Miami and currently preparing for hurricane.

Can we set up something for Friday, at which time the worst of the storm will likely have passed?

Best regards,
Daniel

**Daniel Tramel Stabile**
Partner

Winston & Strawn LLP

200 S. Biscayne Boulevard, Suite 2400

Miami, FL 33131

D: +1 305-910-0787

M: +1 703-599-6962

[Bio](#) | [VCard](#) | [Email](#) | [winston.com](#)

*Admitted to practice in Florida, New York*



---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

Note: "NFN8 Purchase Price" refers to amount paid by NFN8 to buy the miner from the manufacturer or vendor.

**ASIC Miners**

| Purchase Date | Delivery Date | Brand | Serial Number | Seller | New /Used | NFN8 Purchase Price | NFN8 Purchasing Entity | Algorithm | Own Account? | Sale-Leaseback? | Other? | Still Owned / Controlled? | Disposition | Date | Sale Price | Firmware Customizations |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**GPU /FPGA /Custom Miners**

| Type | Cryptocurrencies | TH/s | Power Consumption |
|---|---|---|---|

Orange highlighted cells may require additional information. For example, if electricity or hosting prices have changed over the relevant time period, additional entries will be necessary. In addition, Plaintiffs request that Defendants break out their anticipated investment in new facilities by major category, and that they identify whether they have obtained firm electricity prices (and for how long) for those facilities as well.

| | Name | Physical Address | Nature of Facility | NFN8 Operational Date | Ownership | (If NFN8-Controlled) Average Electricity Price ($/kWh) | (If Hosted /Collocated) Average Hosting Charges ($/kWh) | Electricity Provider |
|---|---|---|---|---|---|---|---|---|
| **Current Locations** | | | | | | | | |

| | Ownership | Anticipated NFN8 Investment Costs | Expected /Firm Electricity Costs | Expected Completion Date | Partially Operational? | # NFN8 Units Operating |
|---|---|---|---|---|---|---|
| **Future/ Planned Locations** | | | | | | |

| | | | Stop Date | Reason |
|---|---|---|---|---|
| **Past Locations** | | | | |

| Transaction # | Number of Miners in Contract | Annualized RoR | Investor Purchase Price Per Unit | Number of Miners Actually Purchased | Brand/Model Purchased | Lease Start Date | Lease End Date | Post-Lease Disposition | Sale Price |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

**Block Overstock Sales**

| Brand | Model | Serial Number | Date of Sale | Sales Price |
|---|---|---|---|---|
| | | | | |