UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; and M-M WHS LLC, <br><br> *Plaintiffs* <br><br> v. <br><br> JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC, <br><br> *Defendants* | § § § § § § § § § § § § § § § § § § <br><br> CASE NO. AU:24-CV-01219-RP |

**[Proposed] Order on Plaintiffs' Motion for Expedited Discovery**

The Court has considered Plaintiffs' Motion for Discovery, and has determined that the Motion should be GRANTED. Defendants will provide Plaintiffs with the following discovery:

**Documents and Information**

Defendants are hereby ordered to produce the following documents and provide the following information to Plaintiffs within ten (10) days of the date of this Order:

**I.   Business Model and Operational History**

   A.   **Mining Activities**

      1. From January 1, 2020 to present, identify all branded ASIC mining machines NFN8 has owned or controlled. For purposes of this request, "identify" includes, at minimum, the following information:

      a.    Brand and Model Number (including terahash rate if model varies)
      b.    Manufacturer Serial Number
      c.    Internal NFN8 control number, if different.
      d.    Whether purchased new or used (If all were purchased new, a categorical representation to that effect is acceptable.)
      e.    Algorithm (e.g., SHA-256, etc.)
      f.    Purchase and Delivery Dates
      g.    NFN8-related Purchasing Entity
      h.    Seller
      i.    NFN8's Purchase Price
      j.    Unit Ownership Status
          (1)    Sale-Leaseback
          (2)    Purchased for NFN8's own account
          (3)    Other (describe)
      k.    If not still owned/controlled by NFN8, disposition of the asset including date, sale price, and other relevant transaction data
      l.    If still owned/controlled by NFN8, current status (operational and operating, operational but not operating, non-operational)

2.    From January 1, 2020 to present, for any GPU, FPGA, or customized mining machine(s), provide the information requested in I.A.1. above and also identify:

      a.    To the extent not implicit in initial identification, whether the machine in question is a GPU miner, FGPA miner, or other customized mining machine;
      b.    The cryptocurrency or cryptocurrencies it is capable of mining
      c.    Effective terahash rate
      d.    Rated operational power consumption

3. Identify all miners sold by BlockOverstock.com, including make/model/terahash rate, serial number, date of sale, and sales price. [If Defendants have sold all miners listed as sold in response to I.A.1.j. above through BlockOverstock.com and if the website has sold no miners during the relevant time period other than those listed in response to I.A.1.j. above, Defendants can fully respond to this request by so noting.]

4. From January 1, 2018 to present, identify all hosting facilities or locations associated with any cryptocurrency mining machine owned, operated, used, and/or planned by NFN8. For purposes of this request, "identify" includes, at minimum, the following information for each facility or location:
   a. Physical address
   b. Type of hosting arrangement (NFN8-owned, NFN8-controlled, colocation, etc.)
   c. NFN8 operational date
   d. If NFN8-owned or NFN8-controlled, electricity vendor and electricity prices
   e. If collocated or shared, name of host entity and hosting charge arrangements (whether in $ per kWh or however denominated in relevant contract, including any contractual volume or duration adjustments)
   f. Documentation sufficient to show the actual pricing per kWh and cost of electricity for each month since 2018
   g. Current status (NFN8 actively using or not)
   h. If NFN8 is using, number of operational miners currently hosted by the facility.
   i. If not actively in use by NFN8, stop date and reason for stoppage.
   j. If currently under construction (whether newbuild or expansion of existing facility), identify:
      (1) Ownership structure (NFN8 solo project, joint venture, etc., with percentages)
      (2) Total expected NFN8 investment broken down by major category
      (3) Whether the facility is currently hosting operational units and how many operational units are currently being hosted
      (4) Firm or expected electricity costs per kWh (including name of provider, basic commercial terms of any contract or preliminary agreement)
      (5) Expected completion date

B. **Trading Activities**

1. From January 1, 2020 to present, produce all cryptocurrency wallets (whether hardware, virtual/hot, or paper). For purposes of this Order, "produce" means provision to Plaintiffs of the public key(s) that will allow Plaintiffs to review the transaction histories associated with each wallet.

2. **To the extent not provided through your production of wallets in response to I.B.1 above**, identify in detail your cryptocurrency mining and trading operations from January 1, 2018 to present. For purposes of this response, "identify" includes, at minimum:

   a. Both the amount and type of cryptocurrencies mined (e.g., BTC, ETH, Tether USDt, BNB, Solana, Dogecoin, etc.)
   b. Whether NFN8 mined those cryptocurrencies alone, as part of mining pools, or both.
   c. If NFN8 participates or participated in mining pools, both:
      (1) The identity of all such pools; and
      (2) NFN8's mining proceeds/rewards for each pool in which it has participated;
   d. The quantity of each cryptocurrency, if any, NFN8 has mined without participating in a mining pool, including the date(s) and amount(s) of any award(s) from the relevant cryptocurrency.
   e. To the extent not captured fully by c) and d) above, the total amount of each cryptocurrency NFN8 has received from mining activities, listed by currency.
   f. All cryptocurrency exchanges or trading platforms on which NFN8 has or had a trading account (e.g., Kraken, Binance, Coinbase Exchange, Pionex, etc.).
   g. A full record of NFN8's trading activities, including a list of all transactions (including platform, currency, quantity, date, and trade price) and all transaction fees paid, however denominated.

C. **Sale-Leaseback Activities**
   1. Produce the following transactional documents associated with each Sale-Leaseback transaction from January 1, 2018 to present:
      a. Purchase agreement;
      b. Lease agreement; and
      c. Bill of Sale

  2. Provide the following additional information regarding each Sale-Leaseback transaction from January 1, 2018 to present:
   a. The manufacturer's serial number of each miner actually purchased on the investor's behalf;
   b. The internal NFN8 control number, if any, of each miner actually purchased for the investor;
   c. The term of the lease agreement (including start and end date)
   d. For expired leases only, the ultimate disposition of the mining units (repurchased by NFN8 or returned to investor)

  3. Produce records sufficient to show Defendants' payment history in connection with each Sale-Leaseback transaction from January 1, 2018 to present.

## II. Financial Performance and Condition

A. From January 1, 2020 to present, produce all financial statements—indicating whether audited or unaudited—for all NFN8 Defendants, NFN8 International LLC, Moore and Rodriguez for the past four years, including:
   1. Profit and Loss Statements
   2. Balance Sheets
   3. Statements of Cash Flows

B. For the business entity Defendants, produce each Defendant's general ledger in native format for the past 4 years. For example, if Defendants use Quickbooks, produce the General Ledger file in native Quickbooks format.

C. For the business entity defendants, NFN8 International LLC and any other NFN8-related entities not currently made Defendants in this matter, produce a list of all shareholders and the percentage ownership of each shareholder.

D. For the individual Defendants, produce a list of all non-NFN8 business entities in which they have an ownership interest of any type, including the general nature of the business, the percentage of the individual Defendant's ownership interest and the identity and stake of any co-owners.

E. For the past four years, bank and investment account statements for all accounts for each of:

        1.      The business entity Defendants;
        2.      NFN8 International LLC
        3.      Defendants Moore and Rodriguez

F.    Documentation for all indebtedness of any of the entities or individuals identified in response to II.D above.

G.    A list of all real property owned by any of the entities or individuals identified in response to II.D. above, including the following information:
        1.      Description
        2.      Purchase price
        3.      Value and basis for said value (tax value/appraisal, etc.?)
        4.      Any mortgage, liens, or other encumbrances on the property (including outstanding amounts owed where applicable).

H.    If not present in the financial statements requested in II.A. above, produce information sufficient to determine the enterprise's recurring expenses including but not limited to:
        1.      Salaries, average commissions, fees, etc. paid to non-Defendant employees, independent contractors or others.
        2.      Rent/lease payments for non-mining facilities (office space, warehousing, etc.)
        3.      Electricity costs
        4.      Other overhead by category.

I.    Produce a list of all distributions, payments, or other compensation provided to Moore and Rodriguez by any NFN8 entity from January 1, 2020 to present (including without limitation salaries, shareholder distributions, and loans to shareholders).

J.    For the tax yars 2020-2023, produce all federal and/or state income or franchise tax returns filed by any Defendant other than Joshua Moore or Cory Rodriguez, including any and all amended returns.

K. Produce a list fully identifying all accountants or bookkeepers (whether certified public accountants or otherwise) employed or retained by any entity or individual identified in response to II.D. above for the past four years including:

  1. Contact information
  2. Nature of engagement (employee, in-house independent contractor, retained outside accountant, etc.)
  3. Responsibilities/nature of duties
  4. Dates of employment/retention

**Depositions**

Defendants are hereby ordered to present Defendant Joshua Moore and Defendant Cory Rodriguez for in-person oral depositions not to exceed four hours of examination time per witness. These depositions shall take place no less than three days and no more than ten days after Defendants complete production of the ordered documentary discovery.

Plaintiffs are also permitted to take one four-hour deposition of a corporate representative of one of Defendants' accounting firms on all issues relating to the accounting firm's work for Defendants.

**Inspections**

Defendants are hereby ordered to permit counsel for Plaintiffs and their designee to inspect all facilities in which Defendants currently house or plan to house cryptocurrency miners, regardless of whether such facilities are currently operational. Plaintiffs' inspection includes the right to externally inspect all individual miners in Plaintiffs' possession, custody, or control, regardless of their ownership or operational status. Additionally, Defendants must direct Plaintiffs to and allow Plaintiffs and their designee to inspect those miners identified in the bills of sale provided to Plaintiffs.

Signed this _____ day of _____, 2024.

_____
U.S. District Judge Robert Pitman