# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC., *et al.*, | |
| *Plaintiffs*, | CIVIL ACTION NO. 1:24-CV-01219-RP |
| v. | **OPPOSED MOTION TO COMPEL DISCOVERY** |
| JOSHUA MOORE, *et al.*, | |
| *Defendants*. | |

1. *Defendants' targeted document requests to Plaintiffs.*

Pursuant to this Court's November 5, 2024 Order, Defendants[1] propounded upon Plaintiffs[2] three document requests:

**REQUEST FOR PRODUCTION NO. 1:**

For the past 36 months to present, produce the following annual, and to the extent they exist, monthly and/or quarterly financial statements—indicating whether audited or unaudited—for Plaintiffs and PVC[3]:
   a. Profit and Loss and/or Income Statements
   b. Balance Sheets, and
   c. Statements of Cash Flows

**REQUEST FOR PRODUCTION NO. 2:**

For the past 36 months to present, produce all monthly (or, if only available quarterly, then quarterly) bank statements for Plaintiffs and PVC.

**REQUEST FOR PRODUCTION NO. 3:**

Any offering document or offering memorandum for PVC that was provided or distributed to one or more investors or potential investors to purchase or potentially purchase units, shares or interests of PVC.

Exhibit A.

2. *Plaintiffs refuse to produce any documents as to Defendants' first two requests.*

As to Defendants' third request, Plaintiffs agreed to produce any offering document or offering memorandum for PVC they had, but further stated that they "have no located any

---

[1] Defendants are (1) NFN8 Group, Inc.; (2) NFN8 Holdings, LLC ("Holdings"); (3) CryptoTech Holdings, LLC, which has been merged into Holdings; (4) NFN8 Capital, LLC ("Capital"); (5) NFN8 Media, LLC, which has been merged into Capital; (6) NFN8 Foundation; and two owners of Group, (7) Joshua Moore and (8) Cory Rodriguez. Compl. ¶¶ 63–70.
[2] Plaintiffs are Mobile Med Work Health Solutions, Inc. ("Mobile Med"), JLL Ventures, Inc. ("JLL") and M-M WHS LLC ("M-M").
[3] PVC was defined to mean "Partners Venture Capital, LLC, and includes any predecessor, successor or subsidiaries of Partners Venture Capital. LLC."  PVC is half-owned by Plaintiff M-M.  M-M, in turn, is owned by two individuals who also own Mobile Med, and one of those individuals owns JLL.

responsive documents." Exhibit B at 11. For the other two requests, however, Plaintiffs refused to search for or produce any documents, stating:

> In addition to its General Objections which are incorporated herein, Plaintiffs object to this Request because these documents are neither relevant to any party's claim or defense nor proportional to the needs of the case, and therefore are not discoverable under Federal Rule of Civil Procedure 26(b)(1). Plaintiffs further object to this request as it appears solely calculated for the purpose of harassment.
>
> Neither Plaintiffs' current financial state nor their finances within the past 36 months have any bearing on whether Defendants defrauded investors by misrepresenting their own financial status, capabilities, and true business model. Similarly, Partners Venture Capital, LLC's ("PVC") financial state and/or position within the past 36 months have no bearing on whether Defendants defrauded their investors.
>
> Plaintiffs will not be producing documents in response to this Request.

Exhibit B at 10-11.

*3. The Court should compel Plaintiffs to produce documents responsive to Defendants' first two requests.*

As reflected in Plaintiffs' objections, they do not object to Defendants' targeted and precise document requests as vague or ambiguous, as unduly burdensome, or as seeking documents that are privileged or otherwise shielded from discovery. Rather, Plaintiffs' objection is that the documents Defendants request are irrelevant (and therefore that Defendants' request for such documents is not proportional to the needs of the case and harassing).

Plaintiffs' position is unfounded. Relevancy is an expansive concept in the context of discovery:

> [A]t the discovery stage, the "threshold for relevance ... is lower than at the trial stage." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011). Relevancy is thus to be "construed liberally to reach 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 623 F. Supp.2d 798, 838 (S.D. Tex. 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

2

*Estevis v. City of Laredo*, 2023 WL 9319061, at *2 (S.D. Tex. Mar. 31, 2023). Apply this standard, it is clear that Plaintiffs' financial information, as reflected in the limited documentation that Defendants seek, is relevant and should be produced to Defendants.

1. The requested documents should reflect how Plaintiffs have recorded and treated their investments in the sale-leaseback transactions at issue in this case. For example, the financial statements should reflect whether Plaintiffs have discounted or written down any balances related to these transactions and, if so, when. They may also reflect the value Plaintiffs have assigned to assets covered by the sale-leaseback transactions and whether Plaintiffs have depreciated or otherwise expensed those values.

2. The requested documents should reflect what investments, if any, Plaintiffs have made in similar or related transactions or businesses (such as investments in cryptocurrencies, other digital assets, or the debt or stock of digital asset businesses).[4] That is relevant to understanding and assessing the sophistication of Plaintiffs as lessors, investors, or traders in digital assets, which in turn reflects their knowledge of the risks associated with such digital assets and digital asset businesses. *See, e.g.*, *In re Briese*, 196 B.R. 440, 454 (W.D. Wisc. Bk. 1996) ("A plaintiff may not recover for fraud if he ignores a known or obvious risk"). The requested documents should also reflect the risk profile of Plaintiffs in terms of whether they invest in high-risk or low-risk businesses, and how the returns for those businesses relate to their risk levels (*e.g.*, have they entered transactions with other businesses paying lease payments or interest similar to the sale-leaseback transactions at issue here, and are those businesses higher or lower-risk businesses). *See, e.g.*, *id.* at 453 ("The Court must examine all of the facts available to the plaintiff,

---

[4] Two Plaintiffs and PVC appear to be pure investment vehicles as opposed to operating businesses. According to Plaintiffs' Complaint, each Plaintiff holds at least one agreement with a Defendant. *See* Compl. ¶ 23.

a large and sophisticated corporation, and determine whether the plaintiff should have realized that there might be some problem in extending credit to the debtors in this case"); *see also Zobrist v. Coal-X, Inc.*, 708 F.2d 1511, 1516 (10th Cir. 1983) (identifying "the sophistication and expertise of the plaintiff in financial and securities matters" as a "relevant factor[] in determining whether [a securities plaintiff's] reliance was justified").

3. The requested documents should reflect how past payments from any Defendant to any Plaintiff have been distributed, which in turn will reveal what self-interest potential witnesses for Plaintiffs may have (such as Dr. Justin Lo, who has submitted a declaration in this case in support of Plaintiffs' positions). *See City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 11270080, at *1 (S.D.N.Y. July 23, 2018) (finding the relevance of a document established because it contains information that "bears on the credibility, biases and motives of one of Plaintiffs' key witnesses").

4. PVC is a business entity half-owned by Plaintiff M-M, which in turn shares common ownership with Plaintiffs Mobile Med and JLL. PVC attempted a couple years ago to form a fund to raise millions of dollars to invest in sale-leaseback transactions with one or more Defendants (and possibly with other businesses engaged in similar transactions). The requested documents should reflect what funds PVC raised, how those were invested, and whether those investments are similar to Plaintiffs' transactions with one or more Defendants.

5. The requested documents, including bank statements, should reflect what advisors Plaintiffs or PVC have retained and when they retained (or at least paid) such advisors. This would be relevant to assessing the sophistication of Plaintiffs and PVC as businesses, lessors and investors (including in digital asset businesses), as well as whether and when they determined that they had a need or desire for such advisors. *See Zobrist*, 708 F.2d at 1516 (identifying "the sophistication and expertise of the plaintiff in financial and securities matters" and "the opportunity

to detect the fraud" as "relevant factors in determining whether [a securities plaintiff's] reliance was justified").

The Court ordered expedited discovery in this case. Defendants have produced over ten thousand pages of documents to Plaintiffs in response to Plaintiffs' broad discovery requests. Defendants have produced (among other documents) balance sheets covering five Defendants, profit and loss/income statements covering five Defendants, and cash flow statements covering five Defendants. Defendants have produced hundreds of lease agreements and services and purchase agreements, hosting agreements, and spreadsheets compiling information on thousands of transactions and assets. Defendants have produced bank statements for eight Defendants (including the two individual Defendants). Defendants, however, seek only a narrow set of documents to develop a basic understanding of Plaintiffs, their operations, their sophistication, their advisors, how Plaintiffs assessed and accounted for the sale-leaseback transactions at issue, and how that assessment may have changed over time. The documents Defendants seek are relevant and Plaintiffs should be required to produce them promptly to Defendants.

## Conclusion

This Court should compel Plaintiffs to produce documents and electronically stored information in response to Defendants' first two targeted and precise document requests.

Dated: November 19, 2024

Respectfully submitted,

<u>/s/ Christopher R.J. Pace</u>
Christopher R.J. Pace
crjpace@winston.com
Texas State Bar No. 789534
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: 214.453.6500
Facsimile:  214.453.6400

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 12th and 13th days of November 2024, Defendants conferred with Plaintiffs regarding the Requests for Production at issue in this motion and the bases for these requests. During the November 13th conference, Plaintiffs advised Defendants that they would not agree to produce documents in response to Requests for Production Nos. (1) and (2) because Plaintiffs believed they were not relevant and that Defendants would have to move to compel production of the documents sought. On November 15th, Plaintiffs served written responses, attached hereto as Exhibit B, which memorialized Plaintiffs' position that they will not produce documents in response to Requests Nos. (1) and (2).

/s/ Christopher R.J. Pace
Christopher R.J. Pace

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of November, 2024, I caused the foregoing document to be electronically filed using the CM/ECF system, which automatically sends notification of such filing to all counsel of record.

                */s/ Christopher R.J. Pace*
                Christopher R.J. Pace