# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSHUA MOORE, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. 1:24-CV-01219-RP |

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

TO:  Plaintiffs, by and through their attorneys of record, Hector Chavez, David Isaak, and Paul Stancil, Steptoe LLP, 717 Texas Avenue, Suite 2800, Houston, Texas 77002; Ashwin Ram, Steptoe LLP, 633 West Fifth Street, Suite 1900 Los Angeles, CA 90071; John Durant, The Durant Law Firm, APC, 2337 Roscomare Rd., Suite 2-180 Los Angeles, CA 90077

Pursuant to the Court's November 5, 2024 order granting in part and denying in part Plaintiffs' motion for expedited discovery (Dkt. 25) (the "Order"), Defendants, through their undersigned counsel, hereby request that plaintiffs Mobile Med Work Health Solutions, Inc., JLL Ventures, Inc., and M-M WHS LLC (collectively, "Plaintiffs"), answer fully, in writing and under oath, the following Interrogatories and Requests for Production by or before November 15, 2024. Pursuant to Federal Rule of Civil Procedure ("Rule") 26(e), these Interrogatories and Requests for Production are continuing in nature and therefore require Plaintiffs to furnish supplemental answers whenever Plaintiffs obtain different or additional knowledge, information, or beliefs relevant to these interrogatories and requests for production.

The following Definitions and Instructions shall apply to each and every part of this First Set of Interrogatories and Requests for Production.

1

## **DEFINITIONS**

1. The term "Action" means the above-captioned action titled *Mobile Med Work Health Solutions, Inc., et al., v. Joshua Moore, et al.,* Civil Action 1:24-CV-01219-RP (W.D. Tex.).

2. The term "Person" means any natural person or any business, legal or governmental entity or association.

3. "Plaintiffs," "You" and "Your" shall collectively refer to the plaintiffs Mobile Med Work Health Solutions, Inc., JLL Ventures, Inc., and M-M WHS LLC, and any predecessors, successors, and subsidiaries.

4. The terms "relating to," "regarding," "concerning," "referring," or any derivative thereof, in addition to their customary and usual meanings, shall mean analyzing, comprising, constituting, containing, criticizing, Describing, discussing, embodying, estimating, evaluating, evidencing, identifying, illustrating, incorporating, monitoring, bearing upon, reflecting, mentioning, showing, studying, surveying, representing, pertaining to, projecting, assessing, recording, stating, supporting, negating, refuting, touching upon, dealing with, commenting on, summarizing, or otherwise involving, in whole or in part.

5. The term "state" means describe, in detail sufficient to communicate the information given, the facts known to You concerning the subject matter of the Interrogatory.

6. The term "identify" means:

    a. as applied to a business entity, to state the entity's full name, present or last known business address and telephone number, and internet web site address;

    b. as applied to a natural person, to state the person's full name, present or last known address and telephone number, and present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

    c. as applied to a document, to give (i) the type of document; (ii) the date of the document; (iii) the general subject matter of the document, and (iv) its author(s), addressee(s), and recipient(s). In the alternative, You may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d);

    d. as applied to an oral communication, to state (i) the date of the communication; (ii) the location or source of the communication; (iii) each person who was present or participated in such communication; and (iv) the substance of the communication.

7. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft of a non-identical copy is a separate document within the meaning of this term.

8. "Including" shall be construed as broadly as possible and shall mean "including but not limited to."

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to

be outside of its scope, and the use of the singular form of any word includes the plural and vice versa; "any" and "all" shall mean "any and all"; "each" and "every" shall mean "each and every."

10. The term "Cryptocurrency" shall refer to any digital or virtual currency that uses cryptography for secure transactions, existing independently of central authorities on decentralized networks (i.e., a blockchain), including bitcoin and ethereum.

11. The term "Mining Equipment" shall refer to any technology, including computers, graphics processing units, and specialized hardware (e.g., application-specific integrated units) used to create, obtain or be rewarded with Cryptocurrency.

12. "PVC" shall refer to Partners Venture Capital, LLC, and includes any predecessor, successor or subsidiaries of Partners Venture Capital, LLC.

13. The use of any Definition for the purposes of these Interrogatories or Requests for Production shall not be deemed to constitute an agreement or acknowledgment that such Definition is appropriate for any other purpose in this Action.

## INSTRUCTIONS

1. Each of the following Interrogatories shall be answered separately and fully in writing and under oath.

2. In the event You contend that any of the following Interrogatories or Requests for Production are objectionable, in whole or in part, You shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory or Request for Production to the extent You are not objecting to it.

3. In answering the following Interrogatories, furnish all information available to Plaintiffs, individually or collectively.

4. If any Interrogatory cannot be answered in full after exercising due diligence to secure the information requested thereby, answer to the extent possible, and specify the reasons for Your inability to answer the remainder and state whatever information, knowledge, or belief You have concerning the unanswered portion of the Interrogatory.

5. The following Requests for Production extend to all documents in Plaintiffs' possession, custody, or control.

6. If You claim that any response to any Interrogatory or Request for Production is protected from disclosure by any legal privilege or exemption from disclosure, You must provide all information that is not reasonably and legitimately subject to the claimed privilege or exemption, and for each item of information to which a claim of privilege or other exemption is made, You must identify the date, author(s), recipient(s), and basic subject matter of the allegedly privileged or exempt information in sufficient detail to allow the validity of the claim to be assessed.

7. For any Interrogatory, Request for Production, or portion thereof to which You object as being vague, overbroad, or unclear, You shall adopt a reasonable meaning for that portion of the Interrogatory or Request for Production, state the adopted meaning in Your response to the particular Interrogatory, and produce responsive information accordingly.

8. Unless otherwise indicated, the relevant period for which information is sought is November 1, 2021 to the present.

9. Wherever a response to an Interrogatory or a Request for Production incorporates or refers to another response to another Interrogatory or Request for Production, or refers to a Document identified in response to another Interrogatory or Request for Production, the particular response or portion thereof or Document to which reference is made shall be identified specifically.

10. If a document or information responsive to these Interrogatories or Requests for Production is withheld or redacted on the basis of the attorney-client privilege or the attorney work-product privilege pursuant to Rule 26(b)(5), separately identify each document in a log by stating the following: (a) the type of document; (b) its date; (c) the name, business address, and present position of its originator(s) or author(s); (d) the position of its originator(s) or author(s) at the time the document was prepared; (e) the name, business address, and present position of each recipient of the document; (f) the position of each recipient at the time the document was prepared, and the time it was received; (g) a general description of the subject matter of the document; (h) the basis of any claim of privilege; and (i) if work-product immunity is asserted, the proceeding for which the document was prepared.

11. If there are no documents in response to any particular Request for Production, You shall state so in writing.

12. In accordance with Rule 26(e), Your obligation to respond to these Interrogatories and Requests for Production is continuing. If, after answering these interrogatories, You or any Person acting on Your behalf obtains or becomes aware of any further information responsive to these interrogatories, You shall promptly produce such additional information in accordance with the instructions set forth herein.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the name and address of every Person who has (i) owned, (ii) invested in, and/or (iii) served as an officer for any Plaintiff or PVC in the past 36 months. For every Person identified, state (as applicable) the Person's ownership percentage in the relevant Plaintiff or PVC, the nature of the Person's interest in the relevant Plaintiff or PVC, and the Person's officer title with the relevant Plaintiff or PVC.

### INTERROGATORY NO. 2

Identify all investments relating to Cryptocurrency, crypto-assets (including non-fungible tokens), or Mining Equipment made by every Plaintiff and PVC in the past 36 months. For the purpose of this Interrogatory, an equity investment in or a loan to a Person that mines for or trades in Cryptocurrency or crypto-assets, or an interest in a fund, ETF or trust that invests in such Persons, is an investment relating to Cryptocurrency or crypto-assets, as is an investment in a futures or option contract for Cryptocurrency or crypto-assets.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

For the past 36 months to present, produce the following annual, and to the extent they exist, monthly and/or quarterly financial statements—indicating whether audited or unaudited—for Plaintiffs and PVC:

a. Profit and Loss and/or Income Statements

b. Balance Sheets, and

c. Statements of Cash Flows

### REQUEST FOR PRODUCTION NO. 2:

For the past 36 months to present, produce all monthly (or, if only available quarterly, then quarterly) bank statements for Plaintiffs and PVC.

### REQUEST FOR PRODUCTION NO. 3:

Any offering document or offering memorandum for PVC that was provided or distributed to one or more investors or potential investors to purchase or potentially purchase units, shares or interests of PVC.

| | |
|---|---|
| Dated: November 8, 2024 | Respectfully submitted, |
| | */s/ Christopher R.J. Pace* |
| | crjpace@winston.com |
| | Texas State Bar No. 789534 |
| | Winston & Strawn LLP |
| | 2121 North Pearl Street, Suite 900 |
| | Dallas, TX 75201 |
| | Telephone: 214.453.6500 |
| | Facsimile:  214.453.6400 |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2024, a true and correct copy of the foregoing document has been served on all counsel of record via email.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace