# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.;** <br> **JLL VENTURES, INC.; and** <br> **M-M WHS LLC,** <br><br> *Plaintiffs* <br><br> v. <br><br> **JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC,** <br><br> *Defendants* | § § § § § § § § § § § § § § § § § | **CASE NO. AU:24-CV-01219-RP** |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS'
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

TO: Defendants Joshua Moore, Cory Rodriguez, NFN8 Group, Inc., NFN8 Holdings, LLC, NFN8 Capital, LLC, NFN8 Media, LLC, NFN8 Foundation, and Cryptotech Holdings, LLC ("Defendants"), by and through their attorneys of record, Christopher R.J. Pace of Winston & Strawn LLP, 2121 North Pearl Street, Suite 900, Dallas, TX 75201.

Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs Mobile Med Work Health Solutions, Inc., JLL Ventures, Inc., and M-M WHS LLC (collectively, "Plaintiffs") serves its answers, responses and objections to Defendants' First Set of Interrogatories and Requests Production. Plaintiffs reserves the right to amend, supplement, and/or revise these responses, answers, and objections.

36536668.v1

Respectfully submitted,

**STEPTOE LLP**

*/s/ David Isaak*
Hector R. Chavez
Texas State Bar No. 24078335
David Isaak
Texas State Bar No. 24012887
Admitted *Pro Hac Vice*
Paul Stancil
Texas State Bar No. 00797488
Admitted *Pro Hac Vice*
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone (713) 221-2300
hchavez@steptoe.com
disaak@steptoe.com
pstancil@steptoe.com

Ashwin Ram
California State Bar No. 277513
Admitted *Pro Hac Vice*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
aram@steptoe.com

-and-

**THE DURRANT LAW FIRM, APC**

John S. Durrant
California State Bar No. 217345
Admitted *Pro Hac Vice*
2337 Roscomare Rd., Suite 2180
Los Angeles, CA 90077
Telephone: (424) 273-1962
john@durrantlawfirm.com

**COUNSEL FOR PLAINTFFS**

2

3

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via electronic mail on November 15, 2024 upon:

Christopher R.J. Pace
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: 214.453.6500
Facsimile: 214.453.6400
crjpace@winston.com

                                      *s/ David Isaak*
                                      David Isaak

3

**GENERAL OBJECTIONS**

Plaintiffs' responses and objections set forth below are based on information known or reasonably believed by Plaintiffs at the time they respond and object to these Requests. Plaintiffs reserve the right to amend and/or supplement these responses and objections if they learn of new information relevant hereto, through discovery or otherwise. Plaintiffs reserve the right to make any use of or to introduce at any hearing and at trial, documents responsive to the Requests, but discovered subsequent to the date of Plaintiffs' initial production, including, but not limited to, any documents obtained in discovery herein. By stating that non-objectionable, non-privileged, responsive documents will be produced, Plaintiffs are not representing that such documents exist; rather, Plaintiffs are representing that if, after a diligent search and reasonable inquiry, such documents exist, they will be produced.

Plaintiffs make the following General Objections to the Requests and Interrogatories. These General Objections are part of the responses to each and every Request and Interrogatory, as if set forth in full therein. The assertion of the same, similar, or additional objections in the individual objections to these Requests and Interrogatories, or the failure to assert any additional objections, does not waive any of Plaintiffs' General Objections as set forth below:

1. Plaintiffs object to these Requests and Interrogatories to the extent they seek documents and information protected by the attorney-client privilege, work-product doctrine, and any other privilege, doctrine, or right of privacy granted by state and/or federal statutory or common law.

2. Plaintiffs object to these Requests and Interrogatories to the extent they seek documents and information which are not within Plaintiffs' possession, custody, or control, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiffs further object to these Requests and Interrogatories to the extent they seek

documents and information that are already in the possession, custody and control of Defendants and/or equally accessible to Defendants.

3.   Plaintiffs' responses are based on information known or reasonably believed by Plaintiffs at the time it responds to these Requests and Interrogatories. Plaintiffs reserve the right to amend and/or supplement these responses if they learn of new information relevant hereto, through discovery or otherwise.

4.   Plaintiffs make all objections and responses to these Requests and Interrogatories without waiving, or intending to waive, but on the contrary, preserving and intending to preserve (a) the right to object, on the grounds of competency, privilege, relevance or materiality, or any other proper grounds, to the use of any documents or other information for any purpose in whole or in part, in any subsequent proceeding in this action or in any other action; (b) the right to object on any and all grounds, at any time, to other requests for production, interrogatories, or other discovery procedures involving or related to the subject matter of the Requests or Interrogatories to which Plaintiffs have objected and/or responded to herein; and (c) the right at any time to revise, correct, add, or clarify any of the foregoing objections, responses and answers.

5.   A statement in response to any Request and Interrogatory that responsive documents will be produced is not intended to, and shall not be construed to mean, that responsive documents in fact exist or are within Plaintiffs' possession, custody or control. Rather, any such statements mean only that, to the extent the documents specified exist, are within Plaintiffs' possession, custody or control, are recoverable based on a reasonably diligent search (including reasonable limitations on custodians of electronically stored information and search terms applicable in identifying and gathering such information), and are not withheld on the basis of an objection or privilege, the specified documents will be produced.

6. These General Objections are incorporated into each of the specific responses and answers below.

## **OBJECTIONS TO DEFINITIONS**

1. Plaintiffs object to the Definitions to the extent they seek to impose obligations upon Plaintiffs beyond those established by the Federal Rules of Civil Procedure and applicable laws or rules interpreting them. Plaintiffs will comply with the obligations imposed by the Federal Rules of Civil Procedure.

## **OBJECTIONS TO INSTRUCTIONS**

1. Plaintiffs object to Instructions 1 through 12 to the extent they seek to impose obligations upon Plaintiffs beyond those established by the Federal Rules of Civil Procedure and applicable laws or rules interpreting them. Plaintiffs will comply with the obligations imposed by the Federal Rules of Civil Procedure.

2. Plaintiffs object to Instruction 10 as duplicative of Instruction 6. Plaintiffs further object to Instruction 10 to the extent it imposes privilege log obligations upon Plaintiffs beyond those established by Rule 26(b)(5) of the Federal Rules of Civil Procedure and other applicable laws or rules interpreting them or purports to require Plaintiffs to record on a privilege log any document prepared or created after the filing date of this lawsuit. Plaintiff will comply with the obligations imposed by the Federal Rules of Civil Procedure.

36536668.v1

## ANSWERS AND OBJECTIONS TO FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Identify the name and address of every Person who has (i) owned, (ii) invested in, and/or (iii) served as an officer for any Plaintiff or PVC in the past 36 months. For every Person identified, state (as applicable) the Person's ownership percentage in the relevant Plaintiff or PVC, the nature of the Person's interest in the relevant Plaintiff or PVC, and the Person's officer title with the relevant Plaintiff or PVC.

**ANSWER:**

**Plaintiffs object to this interrogatory as it seeks information that is not relevant to the claim or defense of any party to this litigation. Plaintiffs further object to this request because the information it seeks is not proportional to the needs of this case. Subject to and without waiving these objections, Plaintiffs respond as follows:**



8

36536668.v1



**INTERROGATORY NO. 2**

Identify all investments relating to Cryptocurrency, crypto-assets (including non-fungible tokens), or Mining Equipment made by every Plaintiff and PVC in the past 36 months. For the purpose of this Interrogatory, an equity investment in or a loan to a Person that mines for or trades in Cryptocurrency or crypto-assets, or an interest in a fund, ETF or trust that invests in such Persons, is an investment relating to Cryptocurrency or crypto-assets, as is an investment in a futures or option contract for Cryptocurrency or crypto-assets.

**ANSWER:**

**Plaintiffs object to this interrogatory because it seeks information that is not relevant to any claim or defense of any party to this litigation. Plaintiffs further object to this request as the information it seeks is not proportional to the needs of this case. Subject to and without waiving these objections, Plaintiffs respond as follows:**

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

For the past 36 months to present, produce the following annual, and to the extent they exist, monthly and/or quarterly financial statements—indicating whether audited or unaudited—for Plaintiffs and PVC:

    a. Profit and Loss and/or Income Statements

    b. Balance Sheets, and

    c. Statements of Cash Flows

**RESPONSE:**

**In addition to its General Objections which are incorporated herein, Plaintiffs object to this Request because these documents are neither relevant to any party's claim or defense nor proportional to the needs of the case, and therefore are not discoverable under Federal Rule of Civil Procedure 26(b)(1).[1]  Plaintiffs further object to this request as it appears solely calculated for the purpose of harassment.**

**Neither Plaintiffs' current financial state nor their finances within the past 36 months have any bearing on whether Defendants defrauded investors by misrepresenting their own financial status, capabilities, and true business model. Similarly, Partners Venture Capital, LLC's ("PVC") financial state and/or position within the past 36 months have no bearing on whether Defendants defrauded their investors.**

**Plaintiffs will not be producing documents in response to this Request.**

### REQUEST FOR PRODUCTION NO. 2

For the past 36 months to present, produce all monthly (or, if only available quarterly, then quarterly) bank statements for Plaintiffs and PVC.

---

[1] Defendants' Requests for Production 1 and 2 are irrelevant to all claims and defenses as Rule 26(b)(1) defines the term; however, they are particularly irrelevant to the subject matter of the court-ordered expedited discovery, which is limited to topics and information relevant to Plaintiffs' request for a preliminary injunction.

36536668.v1

**RESPONSE:**

**In addition to its General Objections which are incorporated herein, Plaintiffs object to this Request on the grounds that these documents are neither relevant to any party's claim or defense nor proportional to the needs of the case, and therefore are not discoverable under Federal Rule of Civil Procedure 26(b)(1). Plaintiffs object to this request as it appears solely calculated for the purpose of harassment.**

**Neither Plaintiffs' current financial state nor their finances within the past 36 months have any bearing on whether Defendants defrauded investors by misrepresenting their own financial status, capabilities, and true business model. Similarly, Partners Venture Capital, LLC's ("PVC") financial state and/or position within the past 36 months have no bearing on whether Defendants defrauded their investors.**

**Plaintiffs will not be producing documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 3**

Any offering document or offering memorandum for PVC that was provided or distributed to one or more investors or potential investors to purchase or potentially purchase units, shares or interests of PVC.

**RESPONSE:**

**In addition to its General Objections which are incorporated herein, Plaintiffs object to this Request on the grounds that these documents are neither relevant to any party's claim or defense nor proportional to the needs of the case, and therefore are not discoverable under Federal Rule of Civil Procedure 26(b)(1).**

**Subject to and without waiver of these objections, and subject to reasonable investigation, Plaintiffs will produce copies of the offering documents or offering memorandums for PVC that are in their possession, custody, or control. Plaintiffs have not located any responsive documents.**

36536668.v1