**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; and M-M WHS LLC,**<br><br>***Plaintiffs***<br><br>**v.**<br><br>**JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC,**<br><br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. AU:24-CV-01219-RP** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Plaintiffs Mobile Med Work Health Solutions, Inc. ("Mobile Med"), JLL Ventures, Inc. ("JLL"), and M-M WHS LLC ("M-M WHS") ("Plaintiffs") oppose Defendants Joshua Moore, Cory Rodriguez, NFN8 Group, Inc., NFN8 Holdings, LLC, NFN8 Capital, LLC, NFN8 Media, LLC, NFN8 Foundation, and Cryptotech Holdings, LLC ("Defendants") Motion to Compel Discovery and show the Court as follows:

**ARGUMENT**

Defendants' Motion to Compel seeks three years of bank records and financial statements from each Plaintiff and from defunct non-party Partners Venture Capital, LLC ("PVC").[1] *See* Dkt. 38. While *Defendants'* bank records and financial statements are critical to *Plaintiffs'* claims, the materials sought by Defendants' mirror-image requests are not. As a result, Defendants' Motion

[1] PVC was an investment vehicle in which Plaintiff M-M WHS LLC held a 50% stake along with two other partner entities that owned 25% shares.

to Compel understandably struggles to articulate coherent theories of proportionality and relevance.

Indeed, Defendants' Motion to Compel is nothing more than sleight-of-hand intended to divert attention and resources both from the core of Plaintiffs' fraud allegations and also from Defendants' serial failures to comply with their own discovery obligations to Plaintiffs.[2] Moreover, this is not a reciprocal discovery case. The number of pages Defendants have slowly trickled out in their own demonstrably incomplete production is irrelevant to Plaintiffs' own obligations under Rule 26, which extend no further than producing materials that are both *relevant* and *proportional* to the needs of the case as currently postured. The materials Defendants seek in their Motion to Compel do not satisfy the Rule 26 standard.

**A. Defendants' Requests are Not Proportional to the Needs of the Case.**

Federal Rule of Civil Procedure 26(b)(1) establishes the general standard for discoverability. It states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense *and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*.

FED. R. CIV. P. 26(b)(1) (emphasis added). *See also Scott v. Complete Logistical Services, LLC*, No. 19-11672, 2021 WL 3013111, at *2 (E.D. La. 2021, July 16, 2021) (rejecting Defendants' attempt to subpoena several years of plaintiff's cell phone records on proportionality grounds because the subpoena lacked any "limiting focus as to the content or subjects of those communications," because Defendants "are not entitled to such unbridled private information,"

[2] Although Plaintiffs have attempted to avoid seeking Court assistance to enforce its expedited discovery order, they will likely shortly be filing their own Motion to Compel.

and because the evidence was likely duplicative of evidence Defendants obtained by other means). Similarly, Federal Rule of Civil Procedure 26(b)(2)(C) requires that courts protect parties from discovery requests if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C).

Whatever the arguable relevance of the requests for production at issue here, Defendants' Motion fails to articulate any justification for the requested discovery sufficient to satisfy Rule 26(b)(1)'s requirement that the materials sought be "proportional to the needs of the case." This is both because the intrusive discovery Defendants seek to compel is not important to resolving the issues and because the intrusive burden associated with forcing Plaintiffs to provide the broad requested discovery outweighs any miniscule potential benefit of the discovery for preliminary injunction purposes.[3] Moreover, because Defendants can obtain—and indeed *have* obtained—the same information by other means, Defendants' discovery requests are inappropriate under Rule 26(b)(2)(C) as well.

Defendants effectively offer three justifications for the requested discovery. First, they suggest that the documents "should reflect how Plaintiffs have recorded and treated their investments in the sale-leaseback transactions at issue in this case," without offering any explanation as to why such information would be relevant to anything the Court is currently doing. *See* Dkt. 38 at 3. Second, they argue that the information sought will assist them in determining

[3] Defendants' statement that Plaintiffs have not objected to the specific requests for production as unduly burdensome—*see* Dkt. 38 at 2—misunderstands the law. The proportionality requirement of Rule 26(b)(1) specifically identifies "burden or expense" as one of the six factors to be considered. Plaintiffs objected to Defendants' request on proportionality grounds and thus have the right to explain why any of the six proportionality factors militate against discoverability.

"the sophistication of Plaintiffs as lessors, investors, or traders in digital assets," which they in turn claim bears on whether Plaintiffs' reliance on Defendants' representations was justified. *Id.* at 3-5. Finally, Defendants argue that information regarding Plaintiffs' use and distribution of Defendants' pre-breach lease payments will allow them to assess the self-interest of Plaintiffs' potential witnesses. *Id.* at 4.

Forcing Plaintiffs to produce three years of their and PVC's bank records and financial statements *would* be extraordinarily intrusive, but it *would not* materially advance the ball on any defense Defendants can legitimately articulate at the preliminary injunction stage. *See, e.g., Scott*, 2021 WL 3013111 at *2. This is particularly true where, as here, Defendants have—*and are currently exercising*—considerably less intrusive means of obtaining the same information. *See id.* Indeed, earlier today Defendants obtained sworn deposition testimony from Dr. Justin Lo regarding both the Plaintiffs' accounting treatment of their sale-leaseback investments and on Plaintiffs' level of investing sophistication.[4] *See id.*; *see also Professional Recovery Services, Inc. v. General Electric Capital Corp.*, No. 06-2829 (JBS), 2009 WL 137236, at *4 (D.N.J., Jan. 15, 2009) (rejecting plaintiff's request for defendant's employee's personnel file where "the Magistrate Judge found that Plaintiff had access to other sources for the same information through prior discovery, including [the relevant employee's] own deposition testimony."). And Defendants have an additional opportunity to obtain similar information early next week, when they take the deposition of Plaintiffs' other principal, Dr. Letitia Heshmat.

Accordingly, because the marginal relevance of the information sought is substantially outweighed by both the intrusive and burdensome nature of Defendants' requests and the fact that

[4] Because the deposition was taken beginning at 5:00 P.M. Central Time on the same day this Response was due, Plaintiffs cannot yet provide record cites demonstrating this fact; however, Plaintiffs will supplement this response with such citations if the Court so desires.

Defendants have ample access to the same information by way of oral deposition testimony from both of Plaintiffs' principals, the Court should deny Defendants' Motion on both proportionality grounds and because their request violates Rule 26(b)(2)(C)'s prohibitions against duplicative discovery.

**B. <u>The Discovery Defendants Seek is of Limited Relevance</u>**

In addition, Defendants' Motion to Compel does not articulate coherent theories of relevance with respect to two of its three proffered justifications, and the third stated justification for these requests *at most* suggests only marginal relevance at best in the current procedural context. *See* Dkt. 38 at 3-5.

Indeed, Defendants' own litigation position substantially undermines their relevance arguments. Defendants opposed the proposed scope of Plaintiffs' request for expedited discovery in part because they take the position that the full merits of the case must ultimately be resolved in arbitration. Dkt. 22 at 2. Yet Defendants ultimately concede that the Court has the discretion to enter a preliminary injunction granting Plaintiffs provisional relief. Dkt. 37 at 2. Moreover, the Court has clarified that the limited discovery it has ordered must be tailored to its preliminary injunction decision. *See* Dkt. 25 at 6. Accordingly, the preliminary injunction determination is all that is currently before this Court, and the parameters of that decision determine relevance for Rule 26 purposes. *See, e.g.*, *American LegalNet, Inc.v. Davis*, 673 F.Supp.2d 1063, 1066-1071 (C.D. Cal. 2009) (denying plaintiff's request for expedited discovery beyond the scope of that necessary for the preliminary injunction and collecting cases).

Accordingly, whether Plaintiffs "have discounted or written down any balances related to these transactions and, if so, when" is irrelevant to the preliminary injunction issue currently before the Court, because Defendants offer no explanation of why or how Plaintiffs' accounting treatment of the transactions might relate to whether Defendants are committing fraud justifying the

imposition of provisional relief under the preliminary injunction standard. *See* Dkt. 38 at 3. Plaintiffs offer no case law supporting this rationale for the requested discovery in this situation, nor can they.

Defendants' argument regarding the potential relevance of Plaintiffs' distribution of past lease payments to demonstrate potential bias in Plaintiffs' witnesses is similarly irrelevant, if for a different reason. *See* Dkt. 38 at 4. Specifically, Plaintiffs acknowledge that their interests and the interests of their principals—including Dr. Justin Lo—are identical. That is, both Plaintiffs and their principals understandably seek to hold Defendants accountable for Defendants' fraud. The case Defendants cite in support of their bias-driven relevance argument, *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 11270080 (S.D.N.Y. July 23, 2018) offers no support for Defendants' position. In *Ablyazov*, the court ordered discovery because the document sought by the defendant was relevant to a true third-party witness's credibility, biases, and motives. *See id.* at *1. Here, Drs. Lo and Heshmat are also the Plaintiffs' principals, not true third-party witnesses and their interests are thus aligned.[5]

Finally, the cases Defendants cite in support of their apparent argument—that they need Plaintiffs' bank statements and financial statements to demonstrate Plaintiffs' financial sophistication—are either inapposite or ultimately support Plaintiff's position rather than Defendants. For example, in *In re Briese*,196 B.R. 440, 454 (W.D. Wisc. Bk. 1996), the plaintiff credit card issuer issued a card notwithstanding its independent knowledge that the defendants were credit risks; moreover, the court in *Briese* notes that credit card issuers' fraud claims in bankruptcy are resolved on the basis of a theory under which the cardholder's mere use of the credit card is interpreted as an "implied representation that the holder has both the intent and ability

[5] Defendants also have ample opportunity to explore Plaintiffs' principals' interests in their depositions.

to pay the issuer." *Id.* at 444, 446. *Briese* thus has no bearing on the reliance issues relevant to a case in which (1) there is no allegation of Plaintiffs' prior independent knowledge of Defendants' fraud; or (2) where Defendants' myriad misrepresentations were active and affirmative rather than implied.

Similarly, in *Zobrist v. Coal-X, Inc.*, 708 F.2d 1511, 1516-1519 (10th Cir. 1983), the court expressly notes that "[o]nly when the plaintiff's conduct rises to a level of culpable conduct *comparable to that of the defendant's* will reliance be unjustifiable." (emphasis added). This, of course, is not the case here. Plaintiffs are not the ones accused of committing a fraud, and there is no need to pore through their financials, particularly when much of Plaintiffs' business has nothing to do with investments in crypto-currency mining companies.

**CONCLUSION**

The Court should deny Defendants' Motion to Compel, Dkt. 38, and issue an order under FED. R. CIV. P. 26(b)(2)(C) protecting Plaintiffs from the requested discovery because records regarding Plaintiffs' and PVCs' finances are neither relevant nor proportional to the needs of the case.

Date: November 26, 2024

Respectfully submitted,

**STEPTOE LLP**

*/s/ David Isaak*
Hector R. Chavez
Texas State Bar No. 24078335
David Isaak
Texas State Bar No. 24012887
*Admitted Pro Hac Vice*
Paul Stancil
Texas State Bar No. 00797488
*Admitted Pro Hac Vice*
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone (713) 221-2300
hchavez@steptoe.com
disaak@steptoe.com
pstancil@steptoe.com

Ashwin Ram
California State Bar No. 277513
*Admitted Pro Hac Vice*
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
aram@steptoe.com

-and-

**THE DURRANT LAW FIRM, APC**

John S. Durrant
California State Bar No. 217345
*Admitted Pro Hac Vice*
2337 Roscomare Rd., Suite 2180
Los Angeles, California 90077
Telephone: (424) 273-1962
john@durrantlawfirm.com

**COUNSEL FOR PLAINTIFFS MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; AND M-M WHS LLC**

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2024, a true and correct copy of the foregoing document has been served on all counsel of record via email.

*/s/ David Isaak*
David Isaak