UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; and M-M WHS LLC, <br><br> *Plaintiffs* <br><br> v. <br><br> JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC, <br><br> *Defendants* | CASE NO. AU:24-CV-01219-RP |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY**

Plaintiffs Mobile Med Work Health Solutions, Inc. ("Mobile Med"), JLL Ventures, Inc. ("JLL"), and M-M WHS LLC ("M-M WHS") ("Plaintiffs") file this Motion to Compel Discovery and show the Court as follows:

**I.    SUMMARY OF REQUEST**

Given the tight timelines in this case and the intervening Thanksgiving holiday, Plaintiffs respectfully request that the Court issue an order compelling Defendants:

**(1) To produce information identifying the additional cryptocurrency wallets Defendant Joshua Moore appears to have controlled, but which were not identified pursuant to the Court's Order requiring Expedited Discovery.**

**(2) To produce documents responsive to Plaintiffs' Request for Production No. 5, which seeks production of documents sufficient to identify and show cryptocurrency receipt, trading, and liquidation history on any Defendant-owned or Defendant-controlled cryptocurrency exchange or platform account.**

Plaintiffs served RFP 5 seeking this information on Defendants on November 20, 2024 requesting a response by November 22, 2024. Defendants refuse to produce this information.

**(3) To produce NFN8 Controller/Accountant Fernando Jaimes for a deposition with no time limit other than Fed. R. Civ. P. 30(d)(1)'s seven-hour limit.**

As explained further below, despite knowing the timeline and having significant advance knowledge of the type and scope of financial information Plaintiffs would seek, Defendants first produced their financial information on November 18, 2024. Plaintiffs conducted preliminary analysis of that information as quickly as possible and attempted to examine Defendants' principals about that information during their depositions on November 25, 2024, but Plaintiffs were unable to get the necessary information on Defendants' financials in those depositions.[1] After meeting and conferring, Defendants have agreed to produce Mr. Jaimes for a deposition limited to two hours. Unlike the depositions of the parties, the Court's order does not limit the deposition of NFN8's accountant to two hours. Dkt. 25 at 6; Dkt 2 at 30. Given the complexity of Defendants' financial statements and that Plaintiffs were unable to get the information that they sought relating to the financials in Mr. Moore and Mr. Rodriguez's depositions, Plaintiffs believe they will need a full deposition to examine Mr. Jaimes on the state of NFN8's financials.

**(4) To produce Defendant Joshua Moore for an additional two-hour deposition in advance of the Court's December 13 deadline.**

Defendants did not produce documents evidencing their cryptocurrency trading activities in response to Plaintiffs' Request for Production No. 5, and were unwilling to reschedule Mr. Moore's deposition until after they had done so. Without this information, Plaintiffs were unable to meaningfully examine Mr. Moore about NFN8's cryptocurrency trading activities. It also appears that Mr. Moore used wallets that were not identified to Plaintiffs' counsel. Moreover, Defendants also apparently mistakenly identified a wallet that they now claim is not theirs, which led to counsel spending time examining Mr. Moore about information that is now likely irrelevant. Accordingly, based on Defendants' failure to comply with discovery, Plaintiffs request an additional two-hour deposition of Mr. Moore.

---

[1] Because the protective order provides that deposition transcripts should be treated as For Counsel's Eyes Only for the thirty days after the deposition, Plaintiffs' references to deposition testimony are intentionally opaque to comply with L.R. CV-5.2(a), which encourages counsel to draft motions "in a manner that does not disclose confidential information." *Id.* Counsel are filing a Motion to Seal attaching exhibits relating to the deposition testimony of Messrs. Moore and Rodriguez supporting Plaintiffs' position, and have attached those deposition excerpts under seal to the Motion to Seal. *See* Dkt. 41. After reading this Motion and consulting those exhibits, should the Court require more clarity, Plaintiffs are happy to provide it in a sealed filing.

## II. RELEVANT PROCEDURAL BACKGROUND

On November 5, 2024, the Court issued an Order granting Plaintiffs expedited discovery. Dkt. 25. In relevant part, the Court ordered Defendants:

- To produce three years of Defendants' bank statements and to identify all of Defendants' cryptocurrency wallets;
- To respond to five requests for production and five interrogatories to be propounded by the Plaintiffs;[2]
- To present Defendants Moore and Rodriguez for two-hour depositions; and
- To identify their inside and outside accountants and provide an accountant for deposition.

According to the terms of the Court's Order, expedited discovery was to be completed by November 22, 2024; however, the parties agreed to conduct oral depositions after that date.[3] *See* Dkt. 25.

Plaintiffs served their initial discovery requests on Defendants on November 6, 2024. Ex. A. In the transmittal email, Plaintiffs reminded Defendants of the Court's order to identify cryptocurrency wallets, produce bank statements, and identify accountants, and requested that Defendants provide those items by Friday, November 8, and responses to Plaintiffs' discovery requests by Friday, November 15. *Id*. Early in the morning on November 8, counsel for Defendants emailed Plaintiffs' counsel to inform them that Defendants would not be producing any documents or data that day, and noting that Defendants anticipated "starting to produce documents and or data at the start of next week." Ex. B.

---

[2] The Court also granted Defendants five interrogatories, five requests for production, and two two-hour depositions, which Defendants are using on Plaintiffs' principals.
[3] The parties agreed to depositions of Defendants' principals on November 25 and to depositions of Plaintiffs' principals on November 26 and December 3. In addition, Defendants served Plaintiffs with their third and fourth interrogatories at 4:05 P.M. on November 22.

A. **Wallet Information**

On Monday, November 11, Defendants' counsel produced "a password-protected document containing crypto wallet labels and public keys." Ex. C. The attached document identified twelve wallets, but Plaintiffs were quickly able to determine that it was incomplete; during a meet-and-confer on November 12, Plaintiffs asked Defendants to conduct an additional search for wallet information and Defendants produced a document identifying an additional six wallets on November 14. Ex. D.[4]

Plaintiffs' further analysis suggested that Defendants owned or controlled additional wallets, and Plaintiffs informed Defendants of their findings by email on November 19. Ex. E (Redacted). On November 21, Defendants produced an additional twelve wallet addresses, bringing the total to 30. Ex. F; *see also* Dkt. 41, Ex. C. After Mr. Moore's deposition, it now appears that Mr. Moore, in the past, accessed additional wallets whose public keys were not produced per the Court's order. Dkt. 41, Ex. S at 24:7-24:18.

B. **Exchange Account Data**

Plaintiffs hoped that the combination of Defendants' wallet information and production of financial data and documents would eliminate Plaintiffs' need to seek documentation of Defendants' specific cryptocurrency mining and trading activities in advance of the Court's December 13 deadline. Unfortunately, both the still-incomplete wallet information Defendants parceled out from November 11 through November 21 and the financial data and documents Defendants ultimately produced on November 12 (Ex. G—partial corporate bank statements),

---

[4] As Plaintiffs note in the Motion to Seal, they currently take no position regarding the propriety of maintaining any documents under seal for the duration of the litigation. Rather, they are filing the relevant documents and deposition excerpts under seal because of the tight timeline, Defendants' decision to label the entirety of its production as "Attorneys Eyes Only" and the terms of the standard Protective Order under which the parties are operating, which requires that all deposition testimony be treated as "For Counsel Only" for a period of thirty days after receipt of the transcript. *See* Dkt. 27 ¶6.

4

November 14 (Ex. H—partial personal bank statements and additional corporate bank statements), November 16 (Ex. I—additional personal and corporate bank statements) and November 18 (Ex. J—corporate financial statements) raise far more questions than they answer. In particular, the wallets and financial disclosures contain no information from which Plaintiffs can reliably determine what happened to Defendants' cryptocurrency after they received it, and no information allowing Plaintiffs to identify and analyze Defendants' trading activities. Once Defendants' cryptocurrency hits the exchange, what happens to that currency is thus a black box to Plaintiffs. Plaintiffs cannot tell if the cryptocurrency has been bought or sold on the exchanges or for how much. Nor can Plaintiffs see where the proceeds of any cryptocurrency sales were deposited.

Accordingly, on November 20, 2024 Plaintiffs served Defendants with their final Court-allotted Request for Production seeking production of:

> [D]ocuments sufficient to show any and all transaction data—including but not limited to all trades, dates, amounts, and transaction IDs—associated with any and all of your activity on any cryptocurrency trading platform or exchange on which you have at any time had an account. . .[5]

Ex. K. Given that (1) the documents requested would again be transaction records that are relevant to Plaintiffs' allegations; (2) the documents requested should be simple for Defendants to obtain, review, and produce; and (3) depositions of Defendants' principals were scheduled for Monday, November 25, Plaintiffs requested that Defendants produce documents by Friday, November 22. *Id.* Plaintiffs also offered to accept access to the applicable Application Programming Interfaces (APIs) associated with each relevant exchange or platform account, and even provided a link to the online instructions for providing limited, filtered access to account APIs for the cryptocurrency exchange Defendants' wallet disclosures suggested they used most frequently. *See id.*

---

[5] The RFP goes on to list specific exchanges or platforms Plaintiffs had reason to believe Defendants used; Plaintiffs are omitting this portion of the RFP out of an abundance of caution to eliminate any possible Protective Order concerns.

During a meet-and-confer on Friday, November 22, counsel for Defendants represented that he had not yet decided regarding Defendants' response to Plaintiffs' court-authorized fifth request for production, that he had not yet consulted with his clients about the request, and that notwithstanding Plaintiffs' request for a response by that day, he could not provide Plaintiffs' counsel with a timeline for Defendants' response. *See* Ex. L (November 22, 2024 Stancil email to Pace, attempting to memorialize Defendants' meet-and-confer positions). During that same meet-and-confer, Defendants also indicated that they were unwilling to delay their clients' depositions despite Defendants' delayed production of relevant documents and information and their pending decision regarding Plaintiffs' RFP No. 5.[6]

After much additional back and forth on this issue, on November 27, at the parties' meet-and-confer for this Motion, Defendants' counsel informed Plaintiffs' counsel that Defendants would not produce the exchange information and planned to object on proportionality grounds. Defendants served their objections this evening. Ex. N. Because it is impossible to fully understand Defendants' finances without this information, Plaintiffs now move for its production.[7]

C. **Fernando Jaimes Deposition**

On November 5, the Court ordered Defendants to identify their internal and external accountants and authorized Plaintiffs to take an accountant's deposition. Dkt. 25 at 6. The order does not limit the time for the accountant's deposition. Although Plaintiffs were initially hopeful that this deposition would be unnecessary, the confusing and idiosyncratic nature of the financial statements Defendants produced on November 18, coupled with the opacity of Defendants'

---

[6] Both because of the expedited nature of the current proceedings and because none of Plaintiffs' current concerns regarding proceedings in this case involve any known dispute between counsel about the nature or content of their interactions, Plaintiffs' counsel have not prepared declarations verifying certain information regarding their interactions with opposing counsel; however, Plaintiffs are willing to do so if that would assist the Court.

[7] While the original request did not provide a date range, Defendants now limit their request for exchange data to the past three years.

banking practices, together led Plaintiffs to inform Defendants on November 27 that they planned to take an accountant's deposition sometime between December 2 and December 10.  Ex. L.

Plaintiffs' depositions of Defendants' principals confirmed and amplified the need for such a deposition, as the principals were unable to provide the information on financial issues that Defendants sought in those depositions and were also unable to provide certain information about the Companies' outstanding lease obligations.  Dkt. 41, Ex. S at 34:4-35:9; 35:2-6, 37:23-43:5, 47:24-48:19; 58:2-10; Dkt. 41, Ex. T 7:8-8:20; 10:1-11:6; 33:2-14; 74:5-25; 77:6-10.  In the parties' meet-and-confer today, Defendants agreed to produce Mr. Jaimes for a deposition, but insisted that it be limited to two hours.

### D. Joshua Moore Deposition

As noted above, Defendants have failed to produce critical information regarding their cryptocurrency wallets—a fact Plaintiffs learned only during their initial deposition of Defendant Moore.  *See* Dkt 41, Ex. S at 23:22-25:18.  In addition, Defendants refused to produce exchange information pursuant to Plaintiffs' Court-authorized RFP No. 5 seeking information regarding their mining and trading activities.  *See* Ex. N.  Moreover, had Defendants fully produced the relevant court-ordered and/or requested information in advance of Moore's deposition, Plaintiffs would have examined Defendant Moore extensively regarding that information.  Instead, Plaintiffs were unable to conduct meaningful examination of Moore regarding his trading activities. Plaintiffs' difficulty thus arose in part from the absence of documents responsive to Plaintiffs' RFP 5 and because Plaintiffs were unable to get clear answers to many of their questions on Defendants' trading practices. *See, e.g.*, Dkt. 41, Ex. S at 16:8-18.  It also arose in part from Defendants' unwillingness to reschedule the depositions until after they responded to RFP 5.  Moreover, Defendants now claim that a wallet initially identified as belonging to NFN8 does not, in fact,

7

belong to them. Dkt. 41, Ex. S at 56:4-24[8]; 57:7-17. This purportedly mistaken identification led Plaintiffs' counsel to spend precious time in the deposition questioning Mr. Moore about transactions in that wallet that are likely irrelevant. *Id.* at 53:13-58:1.

### III. ARGUMENT

The Court has the authority to issue an Order compelling Defendants to provide Plaintiffs with the requested discovery pursuant to Fed. R. Civ. P. 37(a). It also has the inherent authority to compel compliance with its prior orders. *See, e.g.*, *Chisom v. Louisiana*, 85 F.4th 288, 300 (5th Cir. 2023) ("It is well-settled that a federal court has the inherent authority to enforce its own orders . . .") (internal citations omitted).

The Court has already ordered Defendants to produce all cryptocurrency wallet information. Dkt. 25 at 6 (ordering Defendants to produce all information requested in Plaintiffs' original Motion for Temporary Restraining Order); *see also* Dkt. 2 at 30. Defendants' counsel has indicated that he will consult with his client regarding the additional wallets; however, defense counsel stated during the parties' final November 27 meet-and-confer that he did not immediately recall the testimony Plaintiffs have identified in the accompanying Motion to Seal. Defendants should thus be required to identify all additional wallets not already provided to Plaintiffs.

Similarly, the Court has already ordered Defendants to present an accountant for deposition without imposing any time limit other than the default 7-hour time limit under Fed. R. Civ. P. 30(d)(1). Dkt. 25 at 6; *see also* Dkt. 2 at 29. At the parties' final meet-and-confer, Defendants did not object to providing NFN8 Controller Fernando Jaimes for a remote deposition; however, they did object to providing him for any deposition of over two hours in length. Plaintiffs respectfully request that the Court adhere to the terms of its original Order by ordering that Mr. Jaimes'

---

[8] The transcript mistakenly identifies lines 20-24 as a statement by counsel. In fact, it was testimony by Mr. Moore.

8

deposition take place without any time limitation other than that imposed by Rule 30(d)(1). Defendants' financial statements are voluminous, complex, and in many cases confusing.[9] It will thus take far longer than two hours simply to walk Mr. Jaimes through the relevant financial statements and their idiosyncrasies and likely inaccuracies, much less to obtain meaningful testimony regarding Defendants' true financial position from the one person who appears to have the most knowledge of NFN8's financial position. While Plaintiffs will endeavor to keep their examination of Mr. Jaimes as brief and as focused as possible, they request that the Court maintain its original, non-time-limited order.

Defendants have objected to providing the materials requested in Plaintiffs' RFP No. 5, purportedly on multiple grounds, but especially on grounds that RFP 5 is not proportional to the needs of the case. Hogwash. Plaintiffs reserved a single RFP for possible use after Defendants provided their initial discovery for precisely this situation: while Plaintiffs can assess certain aspects of Defendants finances with the information Defendants have already produced, other critical aspects—including information relating to Defendants' claimed profits from a purported proprietary trading strategy, information relating to Defendants true assets and holdings, and information relating to Defendants' true revenue from their mining activities—are impossible to analyze without this data. Without this information, Plaintiffs cannot determine what happens to the cryptocurrency that Defendants' mine, nor can they analyze Defendants mining activities fully. Moreover, given the idiosyncratic manner in which Defendants apparently account for their assets, Plaintiffs also need this information to determine whether and to what extent Defendants possess

---

[9] Defendants produced a single spreadsheet containing three years of monthly balance sheets for ten different companies (36 tabs, approximately 13 columns by 144 rows per tab), another spreadsheet containing three years of income statements for those companies (36 tabs, approximately 11 columns by 67 rows per tab), and a third containing cash flow statements for those companies (36 tabs, approximately 12 columns by 13 rows).

9

assets that may be either unrecorded or idiosyncratically recorded on Defendants' financial statements.

For these reasons production of this information would be proper even if it were truly burdensome. But it will not be. Defendants again undoubtedly have push-button access to their transaction records on the relevant exchanges and other platforms, and in many cases can provide Plaintiffs' counsel with read-only access to the relevant platforms' APIs, thus reducing the burden of production to virtually nothing. Accordingly, Defendants should be ordered to produce three years of the records requested in Plaintiffs' RFP No. 5.

Finally, Plaintiffs should be allowed to depose Defendant Moore for an additional two hours both to assess Defendants' trading activity once they have produced documents responsive to Plaintiffs RFP No. 5 and to examine him regarding Defendants' cryptocurrency wallets once Plaintiffs' counsel have access to the full set. That Plaintiffs' counsel had to use time in Mr. Moore's original deposition to question him about a wallet that Defendants now claim to have mistakenly identified is an additional reason for more deposition time.

## CONCLUSION

The Court should grant Plaintiffs' Motion to Compel and issue an Order compelling Defendants to identify all remaining cryptocurrency wallets, and to produce documents responsive to Plaintiffs' Request for Production No. 5. The Court should also order Defendants to present Fernando Jaimes for deposition unlimited in time but for the limits in Fed. R. Civ. P. 30(d)(1), and to present Defendant Moore for two additional hours of deposition, after Defendants comply with all remaining document discovery obligations.

Date:  November 27, 2024

Respectfully submitted,

**STEPTOE LLP**

*/s/ David Isaak*
Hector R. Chavez
Texas State Bar No. 24078335
David Isaak
Texas State Bar No. 24012887
*Admitted Pro Hac Vice*
Paul Stancil
Texas State Bar No. 00797488
*Admitted Pro Hac Vice*
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone (713) 221-2300
hchavez@steptoe.com
disaak@steptoe.com
pstancil@steptoe.com

Ashwin Ram
California State Bar No. 277513
*Admitted Pro Hac Vice*
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
aram@steptoe.com

-and-

**THE DURRANT LAW FIRM, APC**

John S. Durrant
California State Bar No. 217345
*Admitted Pro Hac Vice*
2337 Roscomare Rd., Suite 2180
Los Angeles, California 90077
Telephone: (424) 273-1962
john@durrantlawfirm.com

**COUNSEL FOR PLAINTIFFS
MOBILE MED WORK HEALTH SOLUTIONS,
INC.; JLL VENTURES, INC.**

11

## CERTIFICATE OF CONFERENCE

I certify that on November 27, 2024, I conferred with defense counsel. Defense counsel informed me that Defendants are opposed to the relief sought in this Motion. Defendants' position is further explained in the body of the Motion.

                                      */s/ David Isaak*
                                      David Isaak

## CERTIFICATE OF SERVICE

I certify that on November 27, 2024, a true and correct copy of the foregoing document has been served on all counsel of record via ECF.

                                      */s/ David Isaak*
                                      David Isaak