# EXHIBIT L

| | |
|---|---|
| **From:** | Stancil, Paul |
| **To:** | "Pace, Chris"; Saathoff, Austin E. |
| **Cc:** | Isaak, David |
| **Subject:** | RE: REVISED Draft to Pace |
| **Date:** | Friday, November 22, 2024 2:37:43 PM |
| **Attachments:** | image002.png<br>image003.png |

Chris and Austin:  Can you please confirm our understanding of Defendants' positions and commitments coming out of today's meet & confer?  As we understand it:

- Defendants confirmed that:
    - Of the 31 additional cryptocurrency wallets Plaintiffs identified as potentially belonging to Defendants, only the five overlapping wallets listed in the attachment to Chris's 11/21/24 email are associated with Defendants, and
    - Defendants do not have any additional cryptocurrency wallets other than the thirty (30) they have identified in their three separate emailed wallet disclosures of 11/11, 11/13, and 11/21.
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.
- It is your understanding that the absence of a date of purchase and purchase price for the miners listed in your miner spreadsheet means that the miner in question was purchased before November of 2021, but you are confirming this understanding with your clients.
- Similarly, it is your understanding that Defendants have not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, but you are confirming this with your clients.
- You have neither made a decision regarding Defendants' position nor discussed with your clients Plaintiffs' court-authorized fifth request for production (seeking documents sufficient to show Defendants' transaction histories on cryptocurrency exchanges, trading accounts, etc.).  Moreover, notwithstanding the case schedule and Plaintiffs' request for a response by today, you do not currently know when you will provide a response.
- You will consult with your clients to determine whether they have provided the ▇▇▇▇▇▇▇ electricity contract associated with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ mining facility.  If that contract has already been produced, you will provide Plaintiffs with the associated starting Bates number.  If it has not, you will produce that contract as quickly as practicable.

In addition, here is Plaintiffs' most recent bank statement gap analysis, which identifies the remaining gaps in Defendants' bank statement productions:



For accounts with "Gap Type" entries labeled "Prior To," please either confirm that the account had not been opened before that date or produce any additional statements within the relevant time period.  For accounts with "Gap Type" entries labeled "After," please either confirm that the account was closed as of the final statement date or produce any additional statements within the relevant time period.  For accounts with "Gap Type" entries labeled "Gap," please produce the missing statements.

Finally, both the general state of the financial data Defendants produced and the idiosyncratic way in which much of that data is maintained mean that Plaintiffs will have to take the accountant deposition the Court authorized.  While we have not yet identified the specific accountant to be deposed, we ask that you provide us with Defendants' counsel's availability beginning the week of December 2 and through December 10.

Thanks,

**Paul Stancil**
Of Counsel
**Steptoe**
Steptoe LLP | 717 Texas Avenue Suite 2800 | Houston, TX 77002
+1 713 221 2321 direct | +1 217 778 5806 mobile | pstancil@steptoe.com | www.steptoe.com  | Steptoe Bio