# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSHUA MOORE, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. 1:24-CV-01219-RP |

**DEFENDANTS' OBJETIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

TO: Plaintiffs, by and through their attorneys of record, Hector Chavez, David Isaak, and Paul Stancil, Steptoe LLP, 717 Texas Avenue, Suite 2800, Houston, Texas 77002; Ashwin Ram, Steptoe LLP, 633 West Fifth Street, Suite 1900 Los Angeles, CA 90071; John Durant, The Durant Law Firm, APC, 2337 Roscomare Rd., Suite 2-180 Los Angeles, CA 90077.

Pursuant to the Court's November 5, 2024 order granting in part and denying in part Plaintiffs' motion for expedited discovery, Dkt. 25 (Order), Defendants Joshua Moore; Cory Rodriguez, NFN8 Group, Inc.; NFN8 Holdings, LLC, f/k/a Crytpotech Holdings, LLC; NFN8 Capital, LLC, f/k/a NFN8 Media, LLC; and NFN8 Foundation, and (collectively "Defendants") hereby provide the following objections and responses ("Responses") to Plaintiffs' Second Set of Requests for Production ("Requests"):

**PRELIMINARY OBJECTIONS AND RESERVATION OF RIGHTS**

The Responses herein are based on Defendants' interpretation and understanding of the Requests based on their current knowledge, understanding, and belief as to the facts and the information available to them as of the date of these objections and responses, particularly in light of the expedited nature of the discovery ordered. Additional discovery and investigation may lead to additions to or changes in these Responses. These Responses, therefore, are being given without

prejudice to Defendants' right to revise, amend, correct, supplement, modify, or clarify the Responses. Defendants further reserve the right to produce subsequently discovered information at the time of any hearing in this litigation or in any subsequent arbitration.

In responding to the Requests, Defendants do not waive any objection that may be applicable to the authenticity, admissibility, relevancy, or materiality of any of the information or documents to any issue in this litigation or ensuing arbitration. Defendants also do not waive any objection made in these Responses, or any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. The inadvertent disclosure of such information or the inadvertent identification or production of any documents shall not constitute a waiver of any applicable privilege as to that document or any other document produced by Defendants.

Neither the fact that Defendants have provided information in response to the Requests nor the Responses themselves shall be construed as a waiver of any objections or construed as an admission or acknowledgement that any such Request is proper; that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery; that such documents or information should be discoverable; or that other such discovery requests will be treated in a similar fashion in this or any other proceeding. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents are expressly reserved.

Defendants object to any deadlines that Plaintiffs purport to impose beyond those set by the Federal Rule of Civil Procedure 34 and the Court's Order.

## **OBJECTIONS TO DEFINITIONS**

Defendants further object to the Definitions provided in connection with the Requests as follows:

Defendants object to the definitions and instructions in the Requests to the extent they attempt to place obligations on Defendants beyond those imposed by the applicable Federal Rules of Civil Procedure ("Federal Rules"), the applicable Local Rules, the Order or any other orders of this Court, and to the extent to which they purport to alter the meaning of words in the English language. Defendants will respond to the Requests in compliance with the Federal Rules, the Local Rules, and the Court's orders. Defendants will interpret terms according to their meanings under the Federal Rules, the Local Rules, and the Court's orders, or their common meaning.

When "proportional to the needs of the case at this stage" is referenced below, it is in the context that Plaintiffs (1) have conceded that this matter is to be resolved on the merits in arbitration, not in court, and (2) are seeking court-supervised discovery (a) only for the purpose of a motion seeking preliminary injunctive relief to which, in Defendants' position, they are not entitled, (b) on an expedited basis, and (c) which should not be allowed to bypass or avoid the limits on discovery that an arbitrator may or will set in the context of an arbitration on the merits of Plaintiffs' claims, and (3) Defendants have already provided Plaintiffs with a very substantial volume of information and documentation in connection with the Court's Order and Plaintiffs' prior discovery requests.

Defendants object to the definitions of "'Defendant,' 'You,' and 'Your'" as overly broad and not proportional to the needs of the case at this stage to the extent they encompass any and all unnamed and unspecified "agents, representatives, consultants, accountants, attorneys, servants, employees, officers, directors, and other persons acting or purporting to act in concert with or on

3

their behalf." As to Joshua Moore and Cory Rodriguez, Defendants will interpret this definition to include Joshua Moore and Cory Rodriguez individually, unless otherwise specified herein. As to all other Defendants, Defendants will interpret this definition to include only the other Defendants and their predecessors, successors, and subsidiaries.

Defendants object to the definitions of "Document" and "ESI" as overly broad and unduly burdensome to the extent that they seek to impose any requirements or obligations on Defendant in addition to or different from those imposed by the Federal Rules, the Federal Rules of Evidence, the Local Rules, or any applicable orders of this Court. Defendants further object to the definitions of "Document" and "ESI" as overly broad, unduly burdensome, and not proportional to the needs of this case at this stage to the extent that it seeks to impose obligations inconsistent with Plaintiffs assurances to the Court when requesting expedited discovery that Plaintiffs were not requesting discovery that would require "a search-and-review protocol" to identify, collect and produce responsive documents. Dkt. 24 at 2; Dkt. 20 at 4.

## **OBJECTIONS TO INSTRUCTIONS**

Defendants further object to the Instructions provided in connection with the Requests as follows:

Defendants object to Instruction A as overbroad, unduly burdensome and not proportional to the needs of the case at this stage to the extent that it seeks "all" responsive Documents given, among other things, the early stage and limited nature of the expedited discovery ordered by the Court.

Defendants object to Instruction B as overbroad, unduly burdensome and not proportional to the needs of the case at this stage to the extent that it includes persons that are not parties to this litigation and not within Defendants' control.

Defendants object to Instruction C as overbroad, unduly burdensome, not proportional to the needs of the case at this stage, and beyond the requirements of the Federal Rules in purporting to impose upon Defendants an obligation to explain why they cannot provide information or documentation after conducting a reasonable search and inquiry for such information or documentation.

## OBJECTIONS AND RESPONSES

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 5:** Produce documents sufficient to show any and all transaction data—including but not limited to all trades, dates, amounts, and transaction IDs—associated with any and all of your activity on any cryptocurrency trading platform or exchange on which you have at any time had an account. This includes but is not limited to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and also includes any accounts you have at any time had on any centralized or decentralized cryptocurrency exchange not listed above.

**RESPONSE:** Defendants object to this Request as overbroad, unduly burdensome, and disproportional to the needs of this case, particularly given the early stage of this case, the limited nature of the discovery ordered by the Court, and the voluminous discovery already provided to Plaintiffs, as it seeks "any and all transaction data" on cryptocurrency trading platforms or exchanges. The Request is made all the more overbroad, unduly burdensome, harassing, and disproportional to the needs of this case because it not only seeks "any and all transaction data" relating to a specific transaction or series of transactions on a specific platform or exchange, but such data in connection with "any . . . activity on any cryptocurrency trading platform or exchange" on which any Defendant "at any time had an account." Defendants further object to this Request to the extent that it seeks to require Defendants to create or obtain documents not in Defendants' possession, custody, or control. Defendants further object to this Request as unreasonably cumulative or duplicative of the request for wallet information that Plaintiffs made to which Defendants have produced responsive information. On the bases of the objections set forth herein, Defendants will not be producing documents in response to this Request.

6

Date: November 27, 2024

Respectfully submitted,

*/s* Christopher *R.J. Pace*
Christopher R.J. Pace
crjpace@winston.com
Texas State Bar No. 789534
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: 214.453.6500
Facsimile:  214.453.6400

*Attorney for Defendants*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2024, a true and correct copy of the foregoing document has been served on all counsel of record via email.

／s/ *Christopher R.J. Pace*
Christopher R.J. Pace