IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOBILE MED WORK HEALTH SOLUTIONS, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-01219-RP |
| JOSHUA MOORE, et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiffs Mobile Med Work Health Solutions, Inc., JLL Ventures, Inc., and M-M WHS, LLC's ("Plaintiffs") Motion to Compel Discovery, (Mot. Compel, Dkt. 40). Defendants Joshua Moore, Cory Rodriguez, NFN8 Group, Inc., NFN8 Holdings, LLC, NFN8 Capital, LLC, NFN8 Media, LLC, NFN8 Foundation, Cryptotech Holdings, LLC ("Defendants") filed a response. Having considered the motion, the supporting evidence, and the relevant law, the Court will order limited expedited briefing.

Plaintiffs ask the Court to order Defendants "[t]o produce information identifying the additional cryptocurrency wallets Defendant Joshua Moore appears to have controlled, but which were not identified pursuant to the Court's Order requiring Expedited Discovery." (Mot. Compel, Dkt. 40, at 1). Plaintiffs argue that Moore's deposition revealed that he had "accessed additional wallets whose public keys were not produced per the Court's order" on expedited discovery, which was issued on November 5, 2024. (*Id.*).

In response, Defendants argue that Plaintiffs cannot compel production of additional wallet information that is not in Defendants' possession, custody, or control. *See Horton v. Texas Fed'n for Child. Pac, Inc.*, 2024 WL 68572, at *6 (N.D. Tex. Jan. 5, 2024) (citing Fed. R. Civ. P. 34(a)). Plaintiffs have the burden of showing that Defendants have control over the wallet information whose

1

production Plaintiffs seek to compel. *Nvision Biomedical Techs., LLC v. Jalex Med., LLC*, 2015 WL 13049356, at *13 (W.D. Tex. Dec. 23, 2015), *aff'd*, No. 5:15-CV-284 RP, 2016 WL 8259076 (W.D. Tex. Feb. 1, 2016), and *aff'd*, No. 5:15-CV-284 RP, 2016 WL 8285637 (W.D. Tex. Feb. 1, 2016) ("The burden, however, is on the party seeking discovery to make a showing that the other party has control over the documents sought."). "Documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit." *Horton*, 2024 WL 68572, at *6.

Defendants allege that Moore cannot see or access this historical personal wallet information through his account, and that he has already provided the only public key accessible for his personal account. (Resp. Mot. Compel, Dkt. 44, at 1). During his deposition, based on Plaintiffs' counsel's representations about the activity associated with the public key Moore identified and his own testimony regarding his personal trading activity, Moore had inferred that there may have been other, older public keys that had previously been assigned to this account. (*Id.* at 2). Afterward, Moore had reached out to that platform to ask whether it could identify previous public keys associated with this account. (*Id.*). He was advised that his account manager would "see what can be done" and that this manager's internal inquiry would require assistance from another team. (*Id.*).

Because Defendants dispute whether the wallet information is within Moore's possession, custody, or control, the Court finds complete briefing on the issue necessary before it can decide Plaintiffs' motion to compel. Plaintiffs did not brief the issue in their motion. (*See* Mot. Compel, Dkt. 40). Accordingly, the Court finds that, in order to expeditiously rule on the motion before Plaintiffs' December 13 deadline to file a motion for a preliminary injunction or a motion for further preliminary discovery, (*see* Order, Dkt. 25), it is appropriate to order limited, expedited briefing on the issue. **IT IS THEREFORE ORDERED** that Plaintiffs shall submit briefing, limited to two

pages, responding to Defendants' objections regarding Moore's cryptocurrency wallet information on or before **December 9, 2024 at 12 p.m.**

    **SIGNED** on December 6, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE