**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.;** <br> **JLL VENTURES, INC.; and** <br> **M-M WHS LLC,** <br><br> *Plaintiffs* <br><br> v. <br><br> **JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC,** <br><br> *Defendants* | **CASE NO. AU:24-CV-01219-RP** <br><br> **PLAINTIFFS' EXPEDITED BRIEF IN RESPONSE TO COURT ORDER (DKT. 46)** |

**PLAINTIFFS' EXPEDITED BRIEF IN RESPONSE TO COURT ORDER, DKT. 46**

The Court should order Defendant Joshua Moore to produce the public keys for the wallets in which he traded cryptocurrency if he is able to obtain the public keys for these wallets from the cryptocurrency exchange.

"Rule 34's definition of possession, custody, or control, includes more than actual possession or control of documents; it also contemplates a party's legal right or practical ability to obtain documents from a non-party to the action." *Duarte v. St. Paul Fire & Marine Ins. Co.*, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015) (cleaned up); *Bramante v. McClain*, 2007 WL 196916, at *2 (W.D. Tex. Jan. 16, 2007) (same). Parties must conduct "a reasonable search of all sources reasonably likely to contain responsive documents." *Duarte*, 2015 WL 7709433, at *5 (quotation omitted).

As the cryptocurrency account holder, Moore has control over the wallet information because he has the practical ability to obtain his own account information. *Bramante*, 2007 WL 196916, at *2. Moore has already shown that he can request the release of the public keys from the exchange: the only remaining question is whether the exchange has retained and will provide those records to Moore. Obtaining the public key information from the exchange is exactly the type of reasonable search that Rule 34 contemplates. *See Duarte*, 2015 WL 7709433, at *5. This is just like a bank customer obtaining records from a bank, *see Cadle Co. v. Terrell*, 2002 WL 22075, at *5 (N.D. Tex. Jan. 7, 2002), or a phone user obtaining records from the phone carrier, *see Slack v. City of San Antonio, Tex.*, 2021 WL 2418014, at *2 (W.D. Tex. June 14, 2021). Because Moore has the practical ability to obtain the wallet information, he should be compelled to produce it if it is available from the exchange.

## CONCLUSION

Accordingly, this Court should issue an order compelling Defendants to continue their attempt to obtain the public key information from the exchange, and produce any information the exchange makes available. *See* Dkt. 41, Ex. S at 24:7-24:18. If, after exhausting all attempts to obtain the information from the exchange, Moore is unable to obtain the information, Defendants should be required to detail their inability to obtain such information and "shall affirmatively and clearly state same in a supplemental response to production." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388, at *2 (M.D. La. Aug. 4, 2011).

<table>
<tr><td>Date:  December 9, 2024</td><td>Respectfully submitted,<br><br>**STEPTOE LLP**<br><br>*/s/ David Isaak*<br>Hector R. Chavez<br>Texas State Bar No. 24078335<br>David Isaak<br>Texas State Bar No. 24012887<br>*Admitted Pro Hac Vice*<br>Paul Stancil<br>Texas State Bar No. 00797488<br>*Admitted Pro Hac Vice*<br>717 Texas Avenue, Suite 2800<br>Houston, Texas 77002<br>Telephone (713) 221-2300<br>hchavez@steptoe.com<br>disaak@steptoe.com<br>pstancil@steptoe.com<br><br>Ashwin Ram<br>California State Bar No. 277513<br>*Admitted Pro Hac Vice*<br>633 West Fifth Street, Suite 1900<br>Los Angeles, California 90071<br>aram@steptoe.com<br><br>-and-<br><br>**THE DURRANT LAW FIRM, APC**<br><br>John S. Durrant<br>California State Bar No. 217345<br>*Admitted Pro Hac Vice*<br>2337 Roscomare Rd., Suite 2180<br>Los Angeles, California 90077<br>Telephone: (424) 273-1962<br>john@durrantlawfirm.com<br><br>**COUNSEL FOR PLAINTIFFS MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; AND M-M WHS LLC**</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

  I certify that on December 9, 2024, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

               */s/ David Isaak*
               David Isaak