UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.;** <br> **JLL VENTURES, INC.; and** <br> **M-M WHS LLC,** <br><br> *Plaintiffs* <br><br> v. <br><br> **JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC,** <br><br> *Defendants* | **CASE NO. AU:24-CV-01219-RP** <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### I.   INTRODUCTION

Plaintiffs[1] file this Reply in support of their Motion to Compel Discovery. *See* Dkt. 40 – 41 (including Exhibits A – T). In short,

1. Plaintiffs' Request for Production No. 5 ("RFP 5") seeks ▮▮▮▮▮ data Plaintiffs need to understand Defendants' finances and to determine ▮▮▮▮▮ Oral discovery and further investigation have revealed that Defendants (a) ▮▮▮▮▮ ; and (b) ▮▮▮▮▮ . Moreover, production would not impose any substantial burden on Defendants.

2. Plaintiffs should be allowed a full deposition of NFN8's Controller.   ▮▮▮▮▮ .

3. Plaintiffs also need to depose Moore further, once Defendants have produced the

---

[1] Mobile Med Work Health Solutions, Inc. ("Mobile Med"), JLL Ventures, Inc. ("JLL"), and M-M WHS LLC ("M-M WHS") ("Plaintiffs").

discovery they owe Plaintiffs.  Moore repeatedly said ███████████████████
████████████████████████████████████████████; moreover, Moore is obviously the only witness who can testify regarding ███████████████
████████████████.

## II.   ARGUMENT

**A.   Plaintiffs Need Defendants' Cryptocurrency Exchange Data.**

Plaintiffs' RFP 5 seeks documents sufficient to show ████████████████
████████.  The requested documents will show ████████████████████



It would not be unduly burdensome for Defendants to respond.[4] ████████████
████████████████████████████████████████████████████

---

[2] ███████████████████████████████████████████████████
████████████████

[3] All exhibits are attached as an appendix to the associated Motion to Seal.

[4] 

2

███████████████████████████████████████████████████████████████████."

███████████████████████████████████████████████.

Plaintiffs hoped Defendants would produce ████████████████████████████

████████████████████████████████████████████████████████████████████.

Instead, Plaintiffs received ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████. RFP 5 seeks to fill the most important gaps.

Because Plaintiffs must demonstrate a substantial likelihood of success on the merits to obtain a preliminary injunction (*see Lakedreams v. Taylor*, 932 F.2d 1103, 1109 n.11 (5th Cir. 1991)), RFP 5 is essential to the proceedings. Among other things, the ████████ information Plaintiffs seek will i████████████████████████████████████████████████████

████████████████████████████████████████████████. It will also show ████████

████████████████████████████████████ and demonstrate t████████████████

████████████████████████████████.

The ███ is particularly important because t████████████████████████

████████████████████████████. As one example, ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

6 ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████

### B. Plaintiffs Need a Full Deposition of NFN8 Controller Fernando Jaimes.

Defendants would not agree to the terms of this Court's November 5 Order, which placed no artificial time limit on accountant depositions. *See* Dkt. 2, 25. Because some testimony is better than none, Plaintiffs deposed NFN8 Group Controller Fernando Jaimes for only two hours on December 6. Although Jaimes' truncated testimony ████████████████████████████████

████████████████████████████████.[8] Plaintiffs could not properly depose Defendants' chief accountant in only two hours. In their original Application for TRO, Plaintiffs sought two-hour depositions of Defendants Moore and Rodriguez, but, knowing the importance of accounting testimony to TUFTA and Ponzi-scheme fraud claims, they deliberately placed no proposed time limitation on their requested depositions of Defendants' accountants. *See* Dkt. 2 at 29-30.

Neither did Plaintiffs delay in seeking the deposition. Instead, Plaintiffs promptly asked for the deposition after their review of prior testimony and further analysis of the financial information ████████████████████ indicated that it was necessary. Similarly, Plaintiffs' request is consistent with the current procedural context. Plaintiffs' current inquiry is not limited to identifying the ████████████ but rather extends to everything Plaintiffs need to carry their preliminary-injunction burden. Plaintiffs' original request for a full accountant deposition anticipated the current situation precisely, and the Court should allow Plaintiffs to continue their examination.

---

[8] Plaintiffs will detail this testimony in their December 13, 2024 filing.

### C. Plaintiffs Need More Time With Defendant Moore.

Defendant Moore repeatedly deferred to   Coupled with the absence of the ▮▮▮▮▮ data requested in RFP 5, these factors all militate in favor of additional deposition time with Defendant Moore after Defendants respond to RFP 5.

### III. CONCLUSION

Plaintiffs respectfully request an Order compelling Defendants to (1) produce documents responsive to Plaintiffs' Request for Production No. 5, (2) present Accountant Fernando Jaimes without an arbitrary time limit, and (3) present Defendant Moore for an additional two hours of deposition after Defendants comply with Plaintiffs' RFP.

Date:  December 9, 2024

Respectfully submitted,

**STEPTOE LLP**

*/s/ David Isaak*
Hector R. Chavez
Texas State Bar No. 24078335
David Isaak
Texas State Bar No. 24012887
*Admitted Pro Hac Vice*
Paul Stancil
Texas State Bar No. 00797488
*Admitted Pro Hac Vice*
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone (713) 221-2300
hchavez@steptoe.com

---

[9] Mr. Jaimes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

disaak@steptoe.com
pstancil@steptoe.com

Ashwin Ram
California State Bar No. 277513
*Admitted Pro Hac Vice*
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
aram@steptoe.com

-and-

**THE DURRANT LAW FIRM, APC**

John S. Durrant
California State Bar No. 217345
*Admitted Pro Hac Vice*
2337 Roscomare Rd., Suite 2180
Los Angeles, California 90077
Telephone: (424) 273-1962
john@durrantlawfirm.com

**COUNSEL FOR PLAINTIFFS
MOBILE MED WORK HEALTH SOLUTIONS,
INC.; JLL VENTURES, INC.; AND
M-M WHS LLC**

## **CERTIFICATE OF SERVICE**

      I certify that on December 9, 2024, a true and correct redacted copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system, and that an unredacted copy of the foregoing document and associated exhibits was served on counsel for Defendants by electronic mail as attachments to Plaintiffs accompanying Motion to Seal

                                    */s/ Paul Stancil*
                                    Paul Stancil