**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MOBILE MED WORK HEALTH SOLUTIONS, INC.; JLL VENTURES, INC.; and M-M WHS LLC,** | § § § § | |
| *Plaintiffs* | § § | **CASE NO. AU:24-CV-01219-RP** |
| **v.** | § § | |
| **JOSHUA MOORE; CORY RODRIGUEZ; NFN8 GROUP, INC.; NFN8 HOLDINGS, LLC; NFN8 CAPITAL, LLC; NFN8 MEDIA, LLC; NFN8 FOUNDATION; and CRYPTOTECH HOLDINGS, LLC,** | § § § § § § § | |
| *Defendants* | § § | |

## <u>PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY</u>

## I.    INTRODUCTION

Defendants have a duty to supplement production under Federal Rule of Civil Procedure 26(e)(1)(A). Given that, and given recent deposition testimony, Plaintiffs request that this Court enter an order compelling Defendants:

(1) To produce documents through and including December 2024 responsive to Plaintiffs' Request for Production No. 5, which seeks production of documents sufficient to identify and show cryptocurrency receipt, trading, and liquidation history on any Defendant-owned or Defendant-controlled cryptocurrency exchange or platform account.

(2) To produce financial records and bank statements through and including December 2024.

(3) To produce updated versions of Defendants' production of information related to Defendants' purchase, ownership, or control of cryptocurrency miners.

## II.    PROCEDURAL BACKGROUND

On November 5, 2024, this Court granted Plaintiffs' Motion for Expedited Discovery. Dkt. 25. The Court ordered that Defendants:

- Produce three years of Defendants' bank statements and to identify all of Defendants' cryptocurrency wallets;

- Respond to five requests for production and five interrogatories to be propounded by the Plaintiffs;

- Present Defendants Moore and Rodriguez for two-hour depositions; and

- Identify their inside and outside accountants and provide an accountant for deposition.

Following that discovery and dueling Motions to Compel by both Plaintiffs and Defendants (*see* Dkt. 38; Dkt. 40), the District Court Ordered further discovery.  Dkt. 51. In its Order, the court stated:

> As to Plaintiffs' Motion to Compel Discovery, (Dkt. 40), the Court orders Defendants to (1) produce information identifying the additional cryptocurrency wallets Moore appears to have controlled, but which were not identified pursuant to the Court's Order requiring Expedited Discovery, if that information is available; (2) produce documents responsive to Plaintiffs' Request for Production No. 5, which seeks production of documents sufficient to identify and show cryptocurrency receipt, trading, and liquidation history on any Defendant-owned or Defendant-controlled cryptocurrency exchange or platform account[.]

The Court further ordered that Defendants produce Defendant Joshua Moore and NFN8 Controller Fernando Jaimes for additional two-hour depositions.  *Id.*

In response to the Court's order, Defendants produced cryptocurrency exchange information through November 2024 and also produced November bank statements and financial statements at Plaintiffs' request. But Defendants have refused to produce bank statements and cryptocurrency exchange account information for December 2024.

Plaintiffs first requested this information on January 6, 2025.  *See* Exhibit 1 (Jan. 6, 2025 Email from Isaak to Pace).  Plaintiffs' request was grounded in Federal Rule of Civil Procedure 26(e)(1)(A), which requires timely supplementation of discovery.  Although Defendants had previously updated production in response to earlier requests from Plaintiffs, Defendants have refused to provide the information requested in this motion, notwithstanding their obligations under the Federal Rules.  *See* FED. R. CIV. P. 26(e)(1)(A); *see also* Exhibit 2 (Jan. 17, 2025 Email from Pace to Isaak).

On January 15, 2025, Plaintiffs took Moore's and Jaimes' second depositions.

███████████████████████████████████████████

█████████████████████████████████ █████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[1] Defendants did not "pause" payments to all investors.  Instead, Defendants continued to pay investors whose payments started in September 2023 or later and paid investors who they were afraid would sue them.





The materials Plaintiffs request are within the scope of discovery already requested and are directly implicated by Defendants' January 15 testimony. Accordingly, after the depositions, Plaintiffs conferred with Defendants and requested updated financial records, updated records responsive to RFP 5, and records related to the purchase or ownership of additional miners. On January 17, 2025, Defendants' counsel refused to provide the above information without providing a legal basis for refusing to do so. Exhibit 2.

### III.    ARGUMENT

Central to Plaintiffs' request for a preliminary injunction is their claim that Defendants are operating a Ponzi scheme. Defendants' ability or inability to pay its investors out of income generated from mining—as opposed to sales of new sale-leaseback contracts—is vital to Plaintiffs' claims.



The requested supplemental discovery—December bank statements and cryptocurrency exchange data and information on miners purchased since November 2024—is critical to proving that Defendants are running a Ponzi scheme ███████████████████████████

███████████████████████████████

████████████████████████

Federal Rule of Civil Procedure 26(e)(1)(A) requires supplementation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Here, Plaintiffs must file their Motion for Preliminary Injunction by January 24.  Defendants' *present* financial condition and their *current* conduct in connection with their payment of its sale-leaseback lease obligations are critical to that Motion.  Thus, supplementation "in a timely matter" in this case requires immediate production.[2]  Supplementation will also not be unduly burdensome.  The requested records are not voluminous and should be readily available.

---

[2] Given the pending January 24 filing deadline for Plaintiffs' Motion for Preliminary Injunction, Plaintiffs respectfully request that the Court allow Plaintiffs to supplement that filing if it orders production of the requested discovery but Defendants have not complied with the Court's order sufficiently in advance of the deadline to allow Plaintiffs to incorporate information from those materials into their motion.

## CONCLUSION

Defendants have no legal basis for refusing to supplement discovery. Plaintiffs respectfully request that this Court enter an Order requiring immediate production of updated records responsive to RFP 5, as well as updated financial records and any records related to purchase or ownership of miners.

Date: January 17, 2025

Respectfully submitted,

STEPTOE LLP

*/s/ David Isaak*
Hector R. Chavez
Texas State Bar No. 24078335
David Isaak
Texas State Bar No. 24012887
Admitted Pro Hac Vice
Paul Stancil
Texas State Bar No. 00797488
Admitted Pro Hac Vice
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone (713) 221-2300
hchavez@steptoe.com
disaak@steptoe.com
pstancil@steptoe.com

Ashwin Ram
California State Bar No. 277513
Admitted Pro Hac Vice
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
aram@steptoe.com

**COUNSEL FOR PLAINTIFFS**
**MOBILE MED WORK HEALTH**
**SOLUTIONS, INC., JLL VENTURES, INC.,**
**and M-M WHS LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Western District of Texas Local Rule CV-7.G, I certify that the parties have conferred regarding Plaintiffs' request.  Defendants are opposed to this Motion.

*/s/ David Isaak*
David Isaak

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 17, 2025, a true and correct copy of the foregoing document has been served on all counsel of record by electronic mail.

*/s/ David Isaak*
David Isaak